BRADLEY, Judge.
This is an unemployment compensation case.
James Landrum worked as a cook for the Montgomery Country Club from September 10,1979 until May 13,1981. After work on May 13, 1981, Landrum was arrested and placed in the Montgomery city jail. The record reveals that Landrum’s arrest and incarceration were for failure to pay an accumulation of parking tickets. Landrum remained in jail for ninety days.
The morning after the arrest, Landrum called his supervisors to notify them of his inability to get to work as a result of his incarceration. He also asked for a $1,200 loan so that he could pay the fine and return to work. His employer refused the request.
During his incarceration, the Montgomery Country Club filled the position held by Landrum. In August 1981 Landrum was released from jail. He went to the country club with the intention of resuming his work. At the club, he was informed that his position was filled during his absence and that no other positions were available.
In October 1981 Landrum applied to the Department of Industrial Relations for unemployment compensation. The application was denied. After exhausting the administrative appeal procedures, Landrum appealed to the Circuit Court of Montgomery County for a de novo hearing. The case was presented to the court on cross-motions for summary judgment. The court held that Landrum had voluntarily left his employment without good cause related to his work and that he was not entitled to compensation benefits. Landrum appeals to this court.
In brief Landrum argues that he did not leave his work voluntarily and is thus not disqualified from receiving compensation benefits.
Section 25-4r-78, Code 1975, provides, in pertinent part, as follows:
“An individual shall be disqualified for total or partial unemployment:

*1364

“(2) Voluntary departure from work.— If he has left his most recent bona fide work voluntarily without good cause connected with such work.”
The sole issue before this court is whether Landrum left his work voluntarily.
Although incarceration in jail has never been construed by an Alabama appellate court to constitute voluntary departure from work, it has been held that unemployment compensation benefits are available only to those employees who leave their employment through no fault of their own. Department of Industrial Relations v. Stone, 36 Ala.App. 16, 53 So.2d 859 (1951). In Department of Industrial Relations v. Mann, 35 Ala.App. 505, 50 So.2d 780 (1950), the court said that: “[T]he Unemployment Compensation Law was enacted to relieve the consequences and vicissitudes of unavoidable and enforced unemployment which was not brought about by the voluntary creation of the worker.”
It is, undisputed that Landrum was incarcerated in the Montgomery city jail for a period of ninety days. The record suggests that the incarceration was for the failure to pay an accumulation of parking tickets. When Landrum failed to appear for work after May 13, 1981, his employer hired someone else to do his job.
Landrum’s failure to report for work after May 13,1981 at the Montgomery Country Club was due to his being in jail for violation of the law. Such absence from work was brought about solely through his voluntary act. The absence from work was the “fault” of Landrum. He could have avoided jail and also the loss of his job by not violating the law. His loss of work was directly attributable to his “voluntary” act. See Carter v. Caldwell, 151 Ga.App. 687, 261 S.E.2d 431 (1979); Michalsky v. Unemployment Compensation Board of Review, 163 Pa.Super. 436, 62 A.2d 113 (1948).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.