WRIGHT, Presiding Judge.
This is an appeal from a judgment of the Circuit Court of Lee County, Alabama, denying an award of unemployment compensation to claimant Prescod.
The circuit court denied compensation upon authority of our case of Landrum v. James, 425 So.2d 1363 (Ala.Civ.App.1982), cert. denied, 425 So.2d 1364 (Ala.1982). Claimant submits (a) that this case may be distinguished from the rule of Landrum on its facts and (b) that the decision of Landrum is wrong because of the absence of specific statutory disqualification for loss of employment due to incarceration.
In response to claimant’s contentions: (a) we find no reasonable basis for distinguishing this case from Landrum, and (b) we do not find the decision in Landrum wrong because of the absence in the statute of a disqualification because of incarceration.
The facts of this case do not vary in principle from those of Landrum. Claimant pleaded guilty, in the Municipal Court of the City of Opelika, to the offenses of driving under the influence of intoxicating liquor and driving without a license. He had recently been convicted of a prior offense of driving under the influence. He was sentenced to thirty days in jail and given a fine. He was given probation for fifteen days and permitted to serve the remaining fifteen days in the city jail on successive weekends. (Though there is no record of the proceedings in municipal court, it may be reasonably surmised that the method of serving the jail sentence was contrived so that claimant might be free to continue his employment.) While serving on a weekend, claimant was found to be in violation of jail regulations. His probation and method of serving his sentence were revoked, and he was required to continually serve his time. As a result he could not report to his job. His employer was notified and attempted to intervene with the authorities so that claimant could report to his job. Failing this, employer, after five days, declared his employment terminated. Claimant, upon release from jail, reported for work. He was told he had been replaced. His claim for compensation was denied.
From these material facts, we find no error in the judgment of the court below relying upon the authority of Landrum v. James, supra.
It is upon that authority that we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.