This is an unemployment compensation case.
Appellant James R. Johnson (claimant) was a debarker for appellee S. and R. Lumber Company (employer) for approximately a year and one-half before being terminated. Claimant was arrested on DUI charges the night of August 31, 1981, and incarcerated as a result of his inability to post bond. He remained in jail from August 31, 1981, until September 6, 1981.
The parties disagree as to whether and when employer received notification of claimant's incarceration. Though the parties also disagree as to the exact time claimant reported to work, the hearing officer concluded it to be approximately two weeks from the time of incarceration. Claimant was told upon returning to work that he had been replaced and would not be allowed to return to work.
Claimant filed a claim for unemployment compensation benefits. Appellee, Department of Industrial Relations (department) denied the claim both initially and subsequent to a hearing by an appeals referee. The department appeal board affirmed the disqualification. Claimant filed notice of appeal in the Circuit Court of Talladega County. Department filed a motion for summary judgment which the court granted, finding that claimant had voluntarily left his employment without good cause related to his work and that he was not entitled to compensation benefits. Claimant appeals.
Claimant argues two issues on appeal: (1) that his arrest, incarceration and financial inability to post bond does not constitute a voluntary act disqualifying him from compensation, and (2) that summary judgment was not proper in this case because factual evidence was in dispute.
Section 25-4-78, Code of Alabama 1975, provides in pertinent part as follows: "An individual shall be disqualified for total or partial unemployment . . . (2) If he has left his most recent bona fide work voluntarily without good cause connected with such work." In brief, claimant contends that because he was financially unable to post bond his absence from work was involuntary. Appellees, on the other hand, argue that financial ability is irrelevant and that *Page 749 
claimant's driving under the influence was a voluntary act not related to his work.
In Landrum v. James, 425 So.2d 1363, 1364 (Ala.Civ.App. 1982), cert. denied, 425 So.2d 1364, 1365 (Ala. 1983), an unemployment compensation claimant's failure to report for work due to his incarceration for failure to pay an accumulation of parking tickets was determined to be a voluntary act disqualifying him from receiving compensation benefits. InLandrum we stated that, "Such absence from work was brought about solely through his voluntary act. The absence from work was the `fault' of Landrum. He could have avoided jail and also the loss of his job by not violating the law. His loss of work was directly attributable to his `voluntary' act." Claimant in the present case attempts to distinguish Landrum on the facts. We "see no valid distinction in whether the incarceration is lengthy or for a relatively short time. The true principle is whether the claimant's loss of employment was attributable to an act of his own volition and thus tantamount to a voluntary leaving." Sherman/Bertram, Inc. v. California Department ofEmployment, 202 Cal.App.2d 733, 21 Cal.Rptr. 130, 133-34
(1962).
Regarding claimant's second contention, a motion for summary judgment may be granted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The moving party is required to establish the absence of genuine issue as to any material fact, and all reasonable inferences from the facts are to be viewed most favorably to the non-moving party. Allen By and ThroughAllen v. Whitehead, 423 So.2d 835 (Ala. 1982). While there are some factual disputes regarding the notification of the employer of claimant's incarceration and the time of claimant's return to work, such facts are not material to the resolution of the present case in light of Landrum, which indicates the primary issue is the claimant's voluntary action resulting in his incarceration.
Thus, under Landrum we find no material fact in dispute and that as a matter of law claimant's own voluntary action of driving under the influence resulted in a voluntary absence from work, disqualifying him from benefits under § 25-4-78 (2), Code of Alabama 1975.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.