ADAMS, Justice.
The sole issue raised on this appeal is whether the applicable two-year statute of limitations (Ala.Code 1975, § 6-2-38(1)) had run prior to the filing of the Joneses’ last complaint.
The record indicates that following an automobile accident on July 9, 1985, in *107 which Melva A. Jones received substantial injuries, the Joneses filed complaints in Mobile County (which were consolidated) for personal injuries and loss of consortium. It is undisputed that the case was filed within the two-year period of limitations. Prior to trial, however, and evidently due to the fact that Melva Jones was still undergoing medical treatment, the parties agreed that the case should be dismissed without prejudice.[1] The Joneses argue that the agreement actually was to dismiss the case until Melva had “reached maximum medical improvement and had been released by the doctor.” The record does not indicate, however, that the defendants agreed to waive the statute of limitations defense to accommodate the plaintiffs. In fact, in the affidavit of defendants’ counsel, he states that he notified the Joneses’ counsel prior to July 9, 1987, that the statutory period would expire on that date and that he should file a complaint prior to that date if he intended to sue. The complaint was filed on July 10, 1987, one day after the statutory period expired. In his affidavit, defendants’ counsel also stated that he was thereafter notified by the Joneses’ counsel that the complaint had been filed on July 10, 1987, due to an error in his office.
The Joneses have offered no evidence to substantiate their allegation that the agreement between the parties to dismiss the case without prejudice also included a waiver of the statute of limitations defense. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.

. The case was dismissed without prejudice on March 11, 1987.