SHORES, Justice.
This case involves a suit on an indemnity contract. The defendant, George L. Rose, appeals from a judgment of $40,980 against the him based on obligations he incurred in a failed business venture called the Crab Trap Restaurant. We affirm.
In 1985 Rose, Owen Mobley, and Joseph R. Delaney incorporated a business they called R.M.D., Inc., with the three individuals sharing equal ownership. They obtained a franchise from The Crab Trap, Inc., to operate the Crab Trap Restaurant in Hilton Head, South Carolina. R.M.D., Inc., entered into a lease agreement for the restaurant building. Rose, Mobley, and Delaney personally guaranteed this lease obligation.
Having personally agreed to guarantee the lease obligation, the three individuals entered into an indemnity agreement among themselves. In it, they agreed to share equally in any amounts they might have to pay personally on the lease and to indemnify each other for such personal losses up to one-third of the ultimate liability of all parties under the lease.
After the restaurant was opened, Rose managed the restaurant for the parties. However, after the revenues did not meet their expectations, Rose abandoned the business. He testified, “I figured they didn’t like the way I was running it, so I left.” Rose put on the table the keys to the building and a note saying that he was quitting as manager, and walked out.
This left Delaney and Mobley to personally cover the lease obligation on the failed restaurant. Mobley assigned his rights under the indemnity agreement to Delaney, who sought to enforce payment by Rose. By this time, Rose had become a resident of Lee County, Alabama. Delaney brought suit in Lee County against Rose for his one-third personal obligation under the indemnity agreement on the lease.
Rose responded to the complaint by filing a motion to dismiss on grounds including the claim that Alabama lacked subject matter jurisdiction. The trial judge denied his motion and ordered Rose to answer the complaint. After a nonjury trial on April 5, 1990, the trial judge found in favor of plaintiff Delaney and entered judgment against Rose in the amount of $40,980 plus costs of court. Rose appeals from this judgment.
Rose first contends that the Circuit Court of Lee County lacked subject matter jurisdiction because the contract was signed in Georgia and the restaurant was in South Carolina. He is incorrect. A contract action is transitory, as a general rule, and can be entertained wherever jurisdiction of the parties can be obtained, regardless of where the contract was made or where it was to be performed. 21 C.J.S. Courts, §§ 38 and 41 (1990). Rose is a resident of Lee County, Alabama; thus personal jurisdiction was obtained there. This case is a breach of contract action, a civil matter over which the circuit court has jurisdiction. § 12-11-30, Alabama Code 1975.
Rose next contends that the trial court erred in enforcing the terms of the indemnity agreement. Rose does not dispute that he signed the agreement, but apparently argues that he should be released from his obligation under it on the grounds that Delaney took unfair advantage of the fact that he was unemployed and had no money, to coerce him to enter into the indemnity agreement. He cites International Paper Co. v. Whilden, 469 So.2d 560 (Ala.1985), in which this Court discussed when economic duress or business compulsion could void a contract. We said:
“In general, there has been a growing recognition in many jurisdictions that a contract may be executed under such circumstances of business necessity or compulsion as to render the contract involuntary and entitle the coerced party to excuse his performance, especially where undue advantage or threat to do any *234 unlawful injury is shown. 25 Am.Jur.2d Duress and Undue Influence § 6 (1966).
“Expanded from the common law concepts of duress, fraud, and undue influence, the modern doctrine of economic duress has gained acceptance in many states, including Alabama. [Citations omitted.]
“In general, many courts have found that three essential elements, or a variation thereof, are necessary to a prima facie case of economic duress: (1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats; (3) the absence of any reasonable alternative to the terms presented by the wrongdoer. [Citations omitted.]
“The Restatement (Second) of Contracts § 175 (197^ defines ‘economic duress' as follows:
“ ‘WHEN DURESS BY THREAT MAKES A CONTRACT VOIDABLE (1) If a party’s manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim.'"
469 So.2d at 562. The evidence in this case does not support a claim of economic duress or business compulsion.
Finally, we note that the judgment in this nonjury trial was based on ore tenus evidence. We have written:
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989). The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala.1985).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.