THIGPEN, Judge.
This is an unemployment compensation ease.
Joe M. Bivens, a former employee of the Alabama Department of Revenue (ADR), was denied unemployment compensation benefits, and, after exhausting administrative appeal procedures, Bivens appealed to the circuit court for a de novo hearing. The trial court upheld the decision of the Board of Appeals for the Department of Industrial Relations, finding that Bivens’s absence from work due to his arrest qualified as a voluntary act, and that he was thereby disqualified from receiving unemployment benefits pursuant to Ala.Code 1975, § 25-4-78(2). Bivens’s *766 motion to amend the judgment was overruled; hence, this appeal.
The record reveals that Bivens had worked for ADR for seven years, and that while at work on February 13, 1991, he was arrested for nonpayment of traffic tickets and subsequently incarcerated for approximately seven days. Bivens claims that, while incarcerated, he called an established contact person at ADR each night to report his whereabouts.
After Bivens’s release from jail, he returned to ADR on the afternoon of Wednesday, February 20th, and worked his regular hours until Friday, February 22. Bivens testified that upon his return to work, he was told by his superiors that his case would be investigated. Bivens testified that on the afternoon of Friday, February 22, his employment was terminated. Bivens’s letter of termination from the Commissioner of Revenue, dated February 22, 1991, reads as follows:
“The purpose of this letter is to advise that it has been reported to me that you have allowed your personal affairs to conflict with your ability to accomplish the job for which you were hired. Specifically, I have been advised that on Wednesday, February 13, 1991, at approximately 8:00 a.m., you were arrested on the loading dock of the Gordon Persons Building by the Montgomery Police Department. I have also been advised that you did not report again to your duty station for work until approximately 12:30 p.m., February 20, 1991. During the intervening time, you failed to insure that your supervisor received any communication from you concerning your status as a prisoner in the Montgomery County Jail. I have also been advised that this is the fourth time in the last six months that you have been either arrested or removed from the premises of the Department of Revenue by a law enforcement officer or a bail bondsman.
“Since you are a Contract Laborer with the Department of Revenue and have no status under the State of Alabama Personnel Merit System, you are considered an employee with a contract ‘terminable-at-will’. In view of your repeated unexcused absences, as well as your allowing your personal affairs to interfere with your ability to accomplish the job for which you were hired, I have decided to terminate your contract of employment. As such, I hereby notify you that I am terminating your employment with the Department of Revenue and the State of Alabama effective at 4:00 P.M. Friday, February 22, 1991.”
Bivens denied ever being arrested on the job prior to the incident on February 13, 1991, and he asserted that the information contained in the letter was incorrect. Adverse testimony, however, alleged that over the years, Bivens had excessive unreported and unexcused absences at ADR, that he was suspended without pay in 1988 for failure to appear for work or to contact his supervisor, and that he had failed to contact his supervisor during his recent incarceration. Testimony also revealed that ADR typically dismissed employees on a Friday or at the end of a pay period.
On appeal, Bivens argues that he did not voluntarily leave his job without good cause and that he was entitled to unemployment compensation benefits.
At the outset, we note that when evidence is presented ore tenus, the findings of the trial court are presumed correct unless clearly contrary to the great weight of the evidence. Steele v. Carter, 390 So.2d 299 (Ala.Civ.App.1980). This rule has been consistently applied in unemployment compensation cases. Department of Industrial Relations v. Pickett, 448 So.2d 364 (Ala.Civ.App.1983).
The Unemployment Compensation Act has been characterized as “insurance for the unemployed worker and is intended to be a remedial measure for his benefit.” Department of Industrial Relations v. Jaco, 337 So.2d 374, 376 (Ala.Civ.App.1976). “It should be liberally construed in claimant’s favor and the disqualifications from benefits should be narrowly construed.” Department of Industrial Relations v. Smith, 360 So.2d 726, 727 (Ala.Civ.App.1978).
Three cases were presented to the trial court and to this court, addressing whether employees who have been terminat *767 ed from their jobs because of incarceration were entitled to receive unemployment compensation benefits. Each case concluded that incarceration constituted voluntarily quitting employment without good cause, therefore disqualifying a claimant from receiving unemployment compensation benefits. Johnson v. State Department of Industrial Relations, 447 So.2d 747 (Ala.Civ.App.1983); Prescod v. James, 439 So.2d 156 (Ala.Civ.App.1983); and Landrum v. James, 425 So.2d 1363 (Ala.Civ.App.1982). Although the claimants in the above three eases were incarcerated and deemed “voluntarily absent” from their jobs at the time they were replaced with new employees, and Bivens was not, we reiterate the rationale in Johnson, that the “true principle is whether the claimant’s loss of employment was attributable to an act of his own volition and thus tantamount to a voluntary leaving.” Johnson at 749. (Citation omitted.)
Based upon the foregoing, we determine that Bivens voluntarily quit his job without good cause, and that he is therefore not entitled to unemployment compensation benefits. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.