Wal-Mart Stores, Inc. ("Wal-Mart"), is the defendant in an action pending in the Etowah Circuit Court. Wal-Mart moved for a summary judgment on the plaintiff Gail Smitherman's retaliatory-discharge claim. The circuit court denied the motion. We have granted Wal-Mart permission, pursuant to Rule 5, Ala.R.App.P., to appeal from the interlocutory order denying Wal-Mart's motion for a summary judgment.
Wal-Mart argues that the trial court erred in denying its motion for a summary judgment because, it asserts, Smitherman's retaliatory-discharge claim is barred by the doctrine of collateral estoppel. We hold that Smitherman is collaterally estopped from relitigating the reason for her discharge, and, thus, is precluded from establishing a prima facie case of retaliatory discharge. Therefore, we reverse and remand.
 I.
In November 1993, Smitherman was employed by Wal-Mart as an over-the-counter manager in the pharmacy department of one of its stores. As a manager, Smitherman was responsible for, among other things, supervising sales clerks and cashiers in the pharmacy department. Smitherman alleges that during the course of her employment she developed carpal tunnel syndrome in both of her hands. In December 1995, she had surgery on her left hand, and in June 1996, she had surgery on her right hand. In August 1996, Smitherman returned to work.
Smitherman alleges that on September 30, 1996, she injured her right shoulder. She says that the next day she notified Wal-Mart of her injury. On October 4, 1996, Wal-Mart terminated Smitherman's employment. Wal-Mart stated that it was terminating Smitherman's employment because, it said, she had made a profane and derogatory remark about the district manager of Wal-Mart's pharmacy departments. Wal-Mart said she had made the statement in the employee break room and in the presence of two other pharmacy employees who were under her supervision. Under Wal-Mart's employment policy, Smitherman's alleged action constituted "gross misconduct" and was grounds for immediate termination.
Smitherman does not dispute that on October 3, 1996, while in the break room and in the presence of two subordinate pharmacy employees, she said the words "son of a bitch." Wal-Mart contends that Smitherman directed the remark at the pharmacy department's district manager. Smitherman, on the other hand, testified that the statement was directed at no one, but rather was a general comment on a meeting of over-the-counter department managers that had been called by the *Page 444 
district manager of the pharmacy departments and that Smitherman had attended.
Following her termination, Smitherman filed a claim for unemployment-compensation benefits. On October 24, 1996, the examiner determined that Smitherman was partially disqualified from receiving unemployment-compensation benefits, under Ala. Code 1975, § 25-4-78(3)c. That section provides for reduced benefits if the employee "was discharged from his most recent bona fide work for misconduct connected with his work." The examiner determined Smitherman was disqualified because she was "discharged from [her] most recent bona fide work with Wal-Mart Stores, Inc.[,] for using profanity and/or abusive language on the job," and that her action had "constitute[d] misconduct committed in connection with [her] work." Smitherman appealed the examiner's determination to the appeals tribunal, as provided by Ala. Code 1975, §§ 25-4-91 and 25-4-92. Following a hearing, the appeals referee, on January 8, 1997, affirmed the decision of the examiner. The appeals referee concluded:
 "The evidence indicates [Smitherman] was discharged for making a derogatory and profane remark about a superior. Her actions constitute misconduct committed in connection with her work. The evidence further indicates [Smitherman] had not received a prior warning for a similar type of incident. Therefore, [Smitherman] is properly subject to a disqualification but under the less severe provisions of Section 25-4-78(3)(c)."
Smitherman then applied to the board of appeals for permission to appeal the appeals referee's decision. See Ala. Code 1975, §§ 25-4-92(c) and 25-4-94. The board denied Smitherman's application. Because her application was denied, she had the right to appeal the appeals referee's decision to the appropriate circuit court for a trial de novo. See Ala. Code 1975, § 25-4-94(b). However, Smitherman elected not to file such an appeal. As a result, the decision of the appeals referee finding Smitherman partially disqualified from receiving unemployment-compensation benefits became final.
On October 18, 1996, before any ruling on her unemployment-compensation claim had become final, Smitherman filed this action against Wal-Mart, seeking to recover workers' compensation benefits and seeking damages for a retaliatory discharge, under Ala. Code 1975, § 25-5-11.1. The trial court subsequently severed the workers' compensation claim from the retaliatory-discharge claim.[1] Thereafter, Wal-Mart moved for a summary judgment on Smitherman's retaliatory-discharge claim, on the ground that the claim was barred by the doctrine of collateral estoppel, given the appeals referee's decision that Smitherman had been discharged for making a derogatory and profane remark about a superior. The trial court denied Wal-Mart's motion. In its order denying Wal-Mart's motion, the trial judge stated that Wal-Mart's motion "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from [that order] . . . would materially advance the ultimate termination of the litigation, and that such an appeal would avoid protracted and expensive litigation." See Rule 5, Ala.R.App.P. Wal-Mart petitioned for permission to appeal from the trial court's interlocutory order denying the summary-judgment motion, and we granted Wal-Mart's petition. See id.
 II.
This Court reviews de novo a trial court's denial of a summary judgment. See Young v. La Quinta Inns, Inc., 682 So.2d 402,403 (Ala. 1996) (citing Hightower Co. v. United States Fid. Guar.Co., *Page 445 527 So.2d 698 (Ala. 1988)). Where, as in this case, the defendant moves for a summary judgment based on an affirmative defense, this Court applies the following standard of review:
 "When there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. Rule 56(c), Ala.R.Civ.P. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant)."
Bechtel v. Crown Central Petroleum Corp., 495 So.2d 1052, 1053
(Ala. 1986).
 III.
In order for the doctrine of collateral estoppel to apply to an issue raised in an administrative proceeding, the following elements must be present:
 "`"(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision."'"
Ex parte Smith, 683 So.2d 431, 433 (Ala. 1996) (quoting Ex parteShelby Med. Ctr., Inc., 564 So.2d 63, 68 (Ala. 1990) (quotingPantex Towing Corp. v. Glidewell, 763 F.2d 1241, 1245 (11th Cir. 1985))). Wal-Mart asserts that all of the elements of collateral estoppel have been satisfied as to the issue of why Smitherman was discharged, and, thus, that Smitherman is barred from relitigating that issue in this retaliatory-discharge action. However, Smitherman asserts that only the first element — identity of the parties — has been satisfied as to the administrative proceeding, and, thus, that the doctrine of collateral estoppel does not apply to her retaliatory-discharge action. We must determine whether, under the particular facts of this case, the other four elements are satisfied.
 A. Whether There is an Identity of Issues
Wal-Mart argues that Smitherman's claim for unemployment-compensation benefits and her retaliatory-discharge claim share one central issue: the reason for her termination. Under Alabama's Unemployment Compensation Act, a claimant has the burden of proving that he or she is eligible to receive benefits under Ala. Code 1975, § 25-4-77, and that he or she is not disqualified from receiving benefits by § 25-4-78. SeeDavenport v. State Dep't of Indus. Relations, 692 So.2d 851,852 (Ala.Civ.App. 1997). "`The claimant assumes the risk of nonpersuasion.'" State Dep't of Indus. Relations v. Downey,380 So.2d 906, 908 (Ala.Civ.App. 1980) (quoting Department of Indus.Relations v. Tomlinson, 251 Ala. 144, 145, 36 So.2d 496, 497 (1948)). To be eligible under § 25-4-77(a), a claimant must (1) file a claim for each week's benefits; (2) register for work at, and thereafter continue to report at, the state employment office; and (3) be able to work and be available for work. Under § 25-4-78(3)c., a claimant is partially disqualified from receiving unemployment-compensation benefits if he or she was discharged for misconduct committed in connection with work.
In this case, Wal-Mart maintains that its reason for discharging Smitherman was misconduct connected with her work, i.e., a profane and derogatory remark she allegedly made about the district manager of the pharmacy departments. Smitherman thus had the burden of proving that she was not discharged from Wal-Mart for misconduct connected with her work, but *Page 446 
was terminated solely because she sought to recover workers' compensation benefits.
Ala. Code 1975, § 25-5-11.1, provides:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter. . . ."
"In order to establish a prima facie case of retaliatory discharge [under § 25-5-11.1], the plaintiff must present substantial evidence that he was terminated solely for seeking workers' compensation benefits." Kent Corp. v. Hale, 699 So.2d 954, 958
(Ala. 1997); see also Twilley v. Daubert Coated Prods., Inc.,536 So.2d 1364, 1369 (Ala. 1988). Where a defendant makes a motion for summary judgment and properly supports the motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must present substantial evidence not only establishing a prima facie case but also showing that the defendant's stated reason for termination was a pretext. See Rickard v. ShoalsDistrib., Inc., 645 So.2d 1378, 1382 (Ala. 1994). Thus, under §25-5-11.1, Smitherman bears the burden of proving that Wal-Mart's proffered reason for terminating her employment is not, in fact, the true reason. Accordingly, the issue whether Wal-Mart discharged Smitherman for making a profane and derogatory remark about a superior is present in both the unemployment-compensation proceeding and the retaliatory-discharge action. Therefore, there is an identity as to at least one of the issues in the two proceedings — that issue being the reason for Smitherman's discharge.
 B. Whether There was an Adequate Opportunity to Litigate the Issue to be Estopped
The only issue Wal-Mart seeks to have collaterally estopped is the reason for Smitherman's discharge. Smitherman had an adequate opportunity to litigate this issue before the appeals referee. The Unemployment Compensation Act requires that the appeals tribunal "afford the parties reasonable opportunity for [a] fair hearing." Ala. Code 1975, § 25-4-93. The procedure for conducting the hearing is prescribed by regulations of the Department of Industrial Relations. See § 25-4-92(b); see generally Ala. Admin. Code r. 480-1-4-.04 to -.06. Those regulations provide for a hearing at which the parties are afforded the opportunity to present evidence and testimony of witnesses given under oath. See Ala. Admin. Code r. 480-1-4-.04. A party may be represented by an attorney. See r. 480-1-4-.05. The parties are also afforded the opportunity to request that the hearing officer issue subpoenas to compel the attendance of witnesses or the production of documents or other things. See r.480-1-4-.06.
The record shows that the appeals referee conducted a hearing regarding Smitherman's claim for unemployment-compensation benefits and that Smitherman and her attorney, as well as Wal-Mart's attorney and a representative of Wal-Mart, appeared at the hearing. While the record on this appeal does not contain a transcript of that hearing, the appeals referee did make findings of fact based on the testimony and other evidence presented by the parties.
Smitherman argues that in the administrative proceeding she was not afforded an adequate opportunity to litigate all of the issues involved in her workers' compensation and retaliatory-discharge claims, which were then pending before the circuit court, because, she says, the nearly three months between the date she filed her civil action and the date of the hearing was not a sufficient time for her to conduct discovery and to properly prepare. We disagree. First, in order for the doctrine of collateral estoppel to apply, it is not necessary that the administrative proceeding and the retaliatory-discharge action be identical as to all issues. Instead, *Page 447 
it is the issue to be estopped that must be the same in the administrative proceeding and the retaliatory-discharge action. Second, the fact that discovery was pending in Smitherman's civil action at the time of the hearing before the appeals referee does not mean that Smitherman did not have an adequate opportunity at that hearing to litigate the reason for her discharge. At the time of the hearing, Smitherman knew Wal-Mart's stated reason for terminating her employment. Smitherman had the opportunity at the hearing to present evidence to refute Wal-Mart's stated reason for her discharge. Indeed, she had the burden of showing that she was not disqualified from receiving unemployment-compensation benefits. Moreover, Smitherman failed to appeal the appeals referee's decision to the appropriate circuit court for a trial de novo, as provided by Ala. Code 1975, § 25-4-95. Therefore, we conclude that Smitherman had an adequate opportunity in the administrative proceeding to litigate the reason for her discharge.
 C. Whether the Issue to be Estopped was Actually Litigated and Determined
The reason for Smitherman's discharge was actually litigated in the administrative proceeding and was actually determined by the appeals referee. After hearing the evidence, the appeals referee found that "[o]n October 3, 1996, while in the break room and in the presence of other employees, [Smitherman] referred to the district manager using a profane and derogatory term," and the referee concluded that "[t]he evidence indicates [Smitherman] was discharged for making a derogatory and profane remark about a superior" and that "her actions constitute misconduct committed in connection with her work."
 D. Whether the Findings on the Issue to be Estopped Were Necessary
Wal-Mart's stated reason for discharging Smitherman was that she violated company policy by making a profane and derogatory remark about a superior. The appeals referee's finding regarding the reason for Smitherman's discharge was necessary to the determination of whether Smitherman was entitled to unemployment-compensation benefits.
Smitherman argues that she did not have an opportunity to litigate the issue whether Wal-Mart's stated reason for her discharge was a pretext for an otherwise impermissible termination. Specifically, she argues that the only issue before the appeals referee was whether her profane remark constituted job-related misconduct. We disagree. Smitherman had the burden of proving that she was not discharged from Wal-Mart for making a profane and derogatory remark about Wal-Mart's district manager of its pharmacy departments. That is, Smitherman had the burden of refuting Wal-Mart's stated reason for her discharge. Thus, in order to decide that Smitherman was partially disqualified under §25-4-78(3)c., the appeals referee had to find that Smitherman was discharged by Wal-Mart for making a profane remark about her superior.
 IV.
Smitherman further argues that the application of the doctrine of collateral estoppel to this case would frustrate the remedial purpose for which Alabama's Unemployment Compensation Act was enacted. The Unemployment Compensation Act was enacted to protect an Alabama worker from the consequences and vicissitudes of unavoidable and enforced unemployment caused through no fault of the worker. See Landrum v. James, 425 So.2d 1363, 1364
(Ala.Civ.App. 1982), cert. denied, 425 So.2d 1364 (Ala. 1983). The Act is not intended to protect workers from the consequences of their own misconduct at work. Moreover, the Act expressly provides an aggrieved party, such as Smitherman, who has suffered an adverse ruling by the appeals tribunal or the board of appeals, the right to appeal to the appropriate circuit court for a trial de *Page 448 
novo. See Ala. Code 1975, § 25-4-95. Applying the doctrine of collateral estoppel to an aggrieved employee's subsequent lawsuit does not frustrate the purpose of the Act. On the contrary, as this Court stated in Ex parte Smith, "To allow a plaintiff to raise the same issues in a subsequent lawsuit after having elected not to appeal from the administrative ruling would frustrate efforts to provide an orderly administration of justice and could encourage one to relitigate issues rather than have those issues finally resolved." 683 So.2d at 436.
 V.
Smitherman argues, last, that the doctrine of collateral estoppel should not be applied because, before the time for appealing from the appeals referee's decision had expired, Smitherman's physician directed her not to work for an extended period. We find unpersuasive Smitherman's argument that the doctrine of collateral estoppel should not apply because of her subsequently becoming unable to work. Smitherman's subsequent inability to work would not disqualify her from recovering unemployment-compensation benefits for the prior period during which she was able to work. See Ala. Code 1975, § 25-4-77.
 VI.
The requirements for applying the doctrine of collateral estoppel to Smitherman's retaliatory-discharge claim have been satisfied, and, thus, Smitherman is collaterally estopped from relitigating, in this retaliatory-discharge action, the reason for her discharge. Accordingly, because there is no genuine issue of material fact as to any element of Wal-Mart's affirmative defense of collateral estoppel, and because Wal-Mart has shown that it is entitled to a judgment as a matter of law, a summary judgment in favor of Wal-Mart is proper. Therefore, we reverse the trial court's order denying Wal-Mart's motion for a summary judgment on Smitherman's retaliatory-discharge claim and remand the case with directions for the trial court to enter a final judgment in favor of Wal-Mart on Smitherman's retaliatory-discharge claim.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Brown, and Johnstone, concur.
Lyons, J., recuses himself.
[1] Smitherman and Wal-Mart later settled Smitherman's claim for workers' compensation benefits.