Buffalo Rock Company petitions this court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order of March 28, 2005, precluding Buffalo Rock *Page 275 
from asserting the affirmative defense of collateral estoppel to Daniel Brensinger's claim alleging retaliatory discharge in violation of § 25-5-11.1, Ala. Code 1975.
Daniel Brensinger sued his employer, Buffalo Rock, on October 31, 2003, seeking workers' compensation benefits for injuries he sustained during the course of his employment with Buffalo Rock. Brensinger also asserted claims of negligence, product liability, and co-employee liability pursuant to § 25-5-11, Ala. Code 1975, against other defendants. Brensinger amended his complaint in March 2004 to assert a claim of retaliatory discharge against Buffalo Rock pursuant to § 25-5-11.1, Ala. Code 1975. Brensinger alleged that he had been wrongfully terminated on February 5, 2004, solely because he had filed a workers' compensation claim against Buffalo Rock.
Brensinger also sought unemployment-compensation benefits from Buffalo Rock. Brensinger's claim was denied by the unemployment-compensation claims examiner for the Department of Industrial Relations ("DIR"). Brensinger appealed the examiner's decision to the hearings and appeals division of DIR. The administrative hearing officer for the hearings and appeals division denied Brensinger's claim on May 18, 2004, finding in part, as follows:
 "[Brensinger] last worked for [Buffalo Rock] on January 19, 2004. He had been employed since February 7, 2000, last working as a filler operator. [Brensinger] left this employment voluntarily by abandoning his job. After his last day of work, [Brensinger] was next scheduled to work on January 22, 2004. He did not report for work that day and did not contact [Buffalo Rock] to report his absence. [Brensinger] did not report for work or contact [Buffalo Rock] to report off on January 23, 2004. He was next scheduled to work on January 27, 2004, and January 28, 2004. [Brensinger] did not report for work or call [Buffalo Rock] to report his absence on those days. [Brensinger] was suffering from a repetitive motion injury to his hand and was away from work on the advice of a doctor. When he returned to work on January 31, 2004, he was not allowed to work and was sent home with instructions to meet with a representative from the personnel department. [Brensinger] was aware of [Buffalo Rock's] requirement to report off each day that he was absent from work. When he offered no suitable explanation for failing to report off, he was terminated in accordance with [Buffalo Rock's] policy."
The hearing officer concluded that Brensinger had abandoned his job and that he was therefore disqualified pursuant to § 25-4-78(2), Ala. Code 1975, from receiving unemployment benefits. Brensinger filed a timely application for leave to appeal the hearing officer's decision to the DIR board of appeals. The board of appeals on June 25, 2004, denied Brensinger's application for leave to appeal.
On July 12, 2004, Brensinger amended his complaint in the Jefferson Circuit Court a second time to assert an appeal from the decision of the DIR board of appeals denying his application for leave to appeal the denial of his unemployment-compensation benefits.[1] DIR was added to the action as a party. In January 2005, DIR moved the trial court for a summary judgment as to Brensinger's appeal for a *Page 276 
trial de novo from the denial of his unemployment-compensation benefits; DIR argued that Brensinger was disqualified by §25-4-78(2), Ala. Code 1975, from receiving unemployment-compensation benefits because he had abandoned his job with Buffalo Rock. DIR submitted in support of its summary-judgment motion a copy of the decision of the hearing officer denying Brensinger's unemployment-compensation claim.
Brensinger did not respond to the summary-judgment motion, and the trial court did not rule on the motion. Rather, Brensinger and DIR jointly submitted a proposed order to the trial court on March 28, 2005. The trial court entered the proposed order on that date; that order reads as follows:
 "This case came before the Court on representations from the attorneys for the parties, Cecil Duffee for [Brensinger], and Frank D. Marsh for the Defendant, Director, Department of Industrial Relations.
 "Accordingly, the Court determines that Count Thirty-Two (Unemployment Compensation Appeal) of the Second Amended Complaint is due to be dismissed as stipulated by the above parties with each party to bear their own costs, and the Court hereby rules and decrees that neither the dismissal of said Count Thirty-Two nor any prior determination of or concerning the underlying unemployment compensation claim or claims shall have any res judicata or collateral estoppel effect on any other litigation or claims in this action between [Brensinger] and his former employer, Buffalo Rock Company. Further, this dismissal shall be pro tanto and shall not in any matter affect any other count, claim, or party in this action."
Following the entry of the above order by the trial court, Buffalo Rock amended its answer to assert the affirmative defenses of res judicata and/or collateral estoppel. Buffalo Rock also moved the trial court to alter, amend, or vacate its order holding that the dismissal of Brensinger's unemployment-compensation claim can have no res judicata or collateral-estoppel effect on any other claims. Relying onWal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442
(Ala. 1999), and Wal-Mart Stores, Inc. v. Hepp,882 So.2d 329 (Ala. 2003), Buffalo Rock argued that Brensinger's voluntary dismissal of his appeal from the hearing officer's decision in his unemployment-compensation claim cannot preclude it from asserting the affirmative defense of collateral estoppel to Brensinger's retaliatory-discharge claim.
DIR responded to Buffalo Rock's motion to alter, amend, or vacate, arguing that because "it was made abundantly clear to all parties by the Court that the unemployment compensation case would be considered after the retaliatory discharge case was resolved, no harm would occur to the former employer, Buffalo Rock, by the terms and conditions of the dismissal herein." DIR also argued that because of the way the claims are now postured, no useful purpose would be served by continuing to litigate the unemployment-compensation claim; that Buffalo Rock would not be charged for "experience-rating" purposes on Brensinger's unemployment-compensation claim; that the official DIR records would reflect that Brensinger was disqualified from receiving unemployment-compensation benefits based on his separation from employment with Buffalo Rock; and that it was in the best interest of all of the parties to dispose of the unemployment-compensation claim under the terms of the trial court's March 28, 2005, order. *Page 277 
Brensinger responded to Buffalo Rock's motion, arguing that pursuant to § 25-4-94, Ala. Code 1975, DIR has the authority to "affirm, modify, or set aside" any decision it has made before a decision of an appeals tribunal becomes final and that because Brensinger's unemployment-compensation appeal was dismissed before it was decided, there is no final judgment as to the unemployment-compensation claim. Therefore, Brensinger argued, his unemployment-compensation claim has not been actually litigated, thus precluding the application of the doctrine of collateral estoppel. The trial court entered an order on April 15, 2005, denying Buffalo Rock's motion to alter, amend, or vacate.
This Court has stated:
 "Mandamus is an extraordinary remedy and will be granted only where there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813
(Ala. 2003) (quoting Ex parte Alfab, Inc.,586 So.2d 889, 891 (Ala. 1991)). A trial court's disallowance of a party's affirmative defense is reviewable by a petition for a writ of mandamus. See Ex parte Neely Truck Line, Inc.,588 So.2d 484 (Ala.Civ.App. 1991).
 "In order for the doctrine of collateral estoppel to apply to an issue raised in an administrative proceeding, the following elements must be present:
 "`"`(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.'"'"
Smitherman, 743 So.2d at 445 (quoting Ex parteSmith, 683 So.2d 431, 433 (Ala. 1996), quoting in turnEx parte Shelby Med. Ctr., Inc., 564 So.2d 63, 68
(Ala. 1990)).
It is clear that the doctrine of collateral estoppel may be raised defense to a retaliatory-discharge claim to bar the relitigation of an issue raised and decided in an unemployment-compensation hearing. See Smitherman,supra, and Hepp, supra. The issue presented by this petition is whether the voluntary dismissal of Brensinger's appeal to the circuit court of DIR's decision on his unemployment-compensation claim prevents Buffalo Rock from establishing the fourth element of the doctrine of collateral estoppel as applied to a decision of an administrative agency — the actual litigation and determination of the issue to be estopped — thereby precluding Buffalo Rock from asserting collateral estoppel as a defense to Brensinger's retaliatory-discharge claim.[2]
Brensinger again argues that DIR has the authority, pursuant to § 25-4-94, to affirm, modify, or set aside any of its decisions at any time before an appeals tribunal enters a final decision. Therefore, Brensinger contends, because the appeal of his unemployment-compensation case to the circuit court was dismissed, the judgment denying his unemployment-compensation *Page 278 
claim is not final, and, therefore, the requirement that an issue be actually litigated cannot be met for the purposes of a collateral-estoppel defense. We disagree.
Section 25-4-94(d), Ala. Code 1975, provides that in the absence of an appeal, any decision of the board of appeals of DIR becomes final 10 days after notification of the decision is mailed to the parties. Section 25-4-95 provides that a party may, within 30 days after the decision of the board of appeals has become final, seek judicial review of the decision by filing a notice of appeal in the circuit court of the county of the residence of the claimant. Here, Brensinger appealed to the circuit court after the board of appeals denied his application seeking leave to appeal the decision of the hearing officer that had affirmed the denial of his unemployment-compensation claim. On March 28, 2005, the trial court, based upon the stipulations of Brensinger and DIR, entered a proposed order dismissing Brensinger's appeal and declaring that the dismissal of that appeal shall not have any res judicata or collateral-estoppel effect on any pending litigation between Brensinger and Buffalo Rock. Because the trial court's order did not specify otherwise, the dismissal of Brensinger's appeal was without prejudice. Rule 41(a), Ala. R. Civ. P.[3] However, because the time to appeal the denial of unemployment benefits has long since run, the dismissal of Brensinger's appeal is effectively with prejudice. See Jones v. Phillips,553 So.2d 106 (Ala. 1989) (agreement to dismiss personal-injury claim without prejudice precluded the filing of a new claim when plaintiff failed to present evidence indicating that agreement included waiver of the statute-of-limitations defense). Thus, the last determination regarding the disputed issue of why Brensinger was discharged from his employment with Buffalo Rock is found in the opinion of the hearing officer for the hearings and appeals division. "`The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers.'" Limbaugh v. Board of Managers,City of Birmingham Ret. Relief Sys., 628 So.2d 623,624 (Ala.Civ.App. 1993) (quoting State v. Brooks, 255 Ala. 689, 694, 53 So.2d 329, 333 (1951)). Therefore, the decision of the hearing officer has become a final decision by operation of law and represents a judicial determination sufficient to preclude the issue from further determination.
Accordingly, we conclude that Brensinger's voluntary dismissal of his appeal in his unemployment-compensation action does not prevent Buffalo Rock from establishing the fourth element of the doctrine of collateral estoppel as applied to a decision of an administrative agency — the actual litigation and determination in the administrative proceeding of the issue to be estopped — and that Buffalo Rock is entitled to assert the doctrine of collateral estoppel as a defense to Brensinger's retaliatory-discharge claim.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, HARWOOD, and STUART, JJ., concur.
[1] Because Brensinger's application was denied, he had the right to appeal the hearing officer's decision to the circuit court for a trial de novo. § 25-4-94(b) and § 25-4-95, Ala. Code 1975.
[2] The trial court's order precludes Buffalo Rock from asserting the defense of collateral estoppel. The trial court has not determined that Buffalo Rock has failed to prove the defense of collateral estoppel. Accordingly, we address only the narrow issue presented and do not make a determination as to whether Buffalo Rock has successfully established the remaining elements of the defense of collateral estoppel.
[3] Once Brensinger perfected his appeal to the circuit court, the Alabama Rules of Civil Procedure became applicable. Rule 81(a), Ala. R. Civ. P.; Ex parte General Motors Corp.,800 So.2d 159 (Ala. 2000) *Page 279