4 So.3d 1121 (2008)
Ex parte TAHSIN INDUSTRIAL CORPORATION, U.S.A.
(In re John W. Clanton v. Tahsin Industrial Corporation, U.S.A.).
1070998.
Supreme Court of Alabama.
August 22, 2008.
*1122 William H. Mills of Redden, Mills & Clark, Birmingham, for petitioner.
Lewis W. Page, Jr., of Page Law Firm, LLC, Birmingham, for respondent.
LYONS, Justice.
Tahsin Industrial Corporation, U.S.A. ("Tahsin"), petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order granting John W. Clanton's consolidated motion for a partial summary judgment, for a judgment on the pleadings, and to strike its defense that the Sales Representative's Commission Contracts Act, § 8-24-1 et seq., Ala.Code 1975 ("the Commission Act"), applies only to transactions and shipments within Alabama. Tahsin further asks us to direct the trial court to reinstate its defense relating to the Commission Act. We deny the petition.

I. Facts and Procedural History

Tahsin is a New Jersey corporation that manufactures outdoor apparel and sports gear. In 1996 Tahsin and Clanton, a resident of Alabama, entered into a sales-representation agreement, which provided that Clanton "shall serve as [Tahsin's] exclusive sales representative for all accounts located in the assigned territory specified on Schedule B." Schedule B specified that Clanton's assigned territory included Alabama and 16 other states. As compensation for Clanton's services, the sales-representation agreement provided that "[Clanton] shall be entitled to a commission on the net sales of goods to [Tahsin's] customers in the assigned territory for orders received by the company...." The agreement further provided that "[c]ommission statements containing accurate purchase order numbers, shipping dates, customer's name and address, invoice numbers and invoice dollar amounts shall be sent, together with payment, to [Clanton] on or about the Fifteenth (15th) day of the month following the month which the goods are paid for by the customer."
On August 31, 2007, Clanton sued Tahsin in the Jefferson Circuit Court, claiming that Tahsin had breached the sales-representation agreement by secretly selling products directly to accounts within his assigned territory and by using other sales representatives to sell products to accounts within his territory. Clanton asserted that Tahsin had failed to furnish him, on a monthly basis, certain invoices *1123 reflecting sales that had occurred within his territory and the commissions owed from these sales. Clanton asserted that the sales-representation agreement with Tahsin is governed by the Commission Act, and Clanton therefore sought an award of treble damages and attorney fees pursuant to § 8-24-3, Ala.Code 1975. Section 8-24-3 provides: "A principal who fails to pay a commission as required by Section 8-24-2[[1]] is liable to the sales representative in a civil action for three times the damages sustained by the sales representative plus reasonable attorney's fees and court costs."
On October 24, 2007, Tahsin answered Clanton's complaint, asserting general denials of liability and special defenses. Tahsin's fifth defense asserted: "Alabama Code 1975[,] § 8-24-1 et seq.[,] applies only to commissions due and owing for transactions or shipments within Alabama" ("the fifth defense"). On December 21, 2007, Clanton filed a consolidated motion for a partial summary judgment, for a judgment on the pleadings, or to strike Tahsin's fifth defense. Clanton argued that the plain language of the Commission Act does not limit its application to transactions or shipments within Alabama.
After a hearing on Clanton's motion, the trial court issued an order striking the fifth defense. The trial court's March 10, 2008, order stated:
"[T]he court concluded that [Clanton] is not limited to recover for acts or breaches which occurred within the State of Alabama. The legislature could have limited the operation of the statute, if that had been its intent. In the absence of such limitation, the plaintiff is entitled to prove all of his claims, wherever they arise, in this forum."
Tahsin then petitioned this Court for a writ of mandamus directing the trial court to vacate its March 10, 2008, order and to reinstate Tahsin's fifth defense.

II. Analysis

Tahsin contends that it has a clear legal right to have the order of the trial court vacated and its fifth defense reinstated. According to Tahsin, the trial court's order striking its fifth defense improperly gives § 8-24-3 extraterritorial effect and thereby improperly creates subject-matter jurisdiction for an Alabama court to award punitive damages for conduct that occurred outside Alabama. Tahsin avers in its petition:
"Mandamus is a proper means to review the order of a trial court disallowing the right of a party to assert an affirmative defense. See Ex Parte Buffalo Rock Co., 941 So.2d 273, 277 (Ala. 2006)."
An affirmative defense is in the nature of a confession and avoidance. See Ex parte Wilson, 984 So.2d 1161, 1172 (Ala. 2007) (Lyons, J., concurring specially). By asserting that it is not subject to the statutory claim for three times the damages allegedly sustained by Clanton plus reasonable attorney fees and court costs under the Commission Act, Tahsin only partially avoids judgment because its defense, if upheld, would not be determinative of the action. See Ex parte Employers Mut. Cas. Co., 845 So.2d 773, 776 (Ala.2002) ("Likewise, governed by the particular concerns of judicial economy raised by the scenario involved herea trial court's pretrial decision to strike a potentially determinative affirmative defensewe have previously issued the writ [of mandamus] after holding that the trial court's decision was erroneous, focusing mainly on the inherent *1124 prejudice on the petitioner."). We find no basis for relief by way of mandamus stemming from Tahsin's reliance on authority dealing with striking an affirmative defense.
Tahsin further avers in its petition:
"Mandamus is a proper procedure to review questions of subject matter jurisdiction. See Ex Parte Davidson, 782 So.2d 237, 240 (Ala.2000); Ex Parte Alabama Department of Mental Health, 837 So.2d 808, 810-11 (Ala.2002)."
We have heretofore recognized mandamus as the appropriate remedy when the underlying action is beyond the subject-matter jurisdiction of the circuit court. In Ex parte Davidson, 782 So.2d 237 (Ala. 2000), cited by Tahsin, this Court issued the writ of mandamus in a setting where the trial court's order was void for having been entered after posttrial motions had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. In Ex parte Alabama Department of Mental Health, 837 So.2d 808 (Ala.2002), also cited by Tahsin, this Court awarded mandamus relief where the petitioners asserted State and State-agent immunity under the Alabama Constitution of 1901. See also Ex parte Fluor Contractors Int'l, 772 So.2d 1157, 1159-60 (Ala.2000), dealing with a claim seeking an award of benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975, for an injury that occurred while the employee was working outside Alabama, a circumstance giving rise to subject-matter jurisdiction only if one of the conditions specified in § 25-5-35(d) applies; Ex parte Blankenship, 893 So.2d 303, 307 (Ala. 2004), dealing with a sheriff's immunity under the Alabama Constitution of 1901 ("[W]e grant the petition for a writ of mandamus and direct the Talladega Circuit Court to vacate its order denying the motion to dismiss and to enter an order dismissing the action for lack of subject-matter jurisdiction."); Ex parte Punturo, 928 So.2d 1030, 1035 (Ala.2002), dealing with jurisdiction conferred by the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, and the Uniform Child Custody Jurisdiction Act ("UCCJA"), § 30-3-20 et seq., Ala.Code 1975, and issuing the writ of mandamus ("[T]he PKPA and the UCCJA foreclosed the Tuscaloosa County Circuit Court from exercising jurisdiction over the parties and the issues."). None of the foregoing cases is analogous to the theory of the absence of subject-matter jurisdiction advanced here by Tahsin.
"Subject-matter jurisdiction concerns a court's power to decide certain types of cases." Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). It is axiomatic that an Alabama circuit court has subject-matter jurisdiction over an action for breach of the sales-representation agreement, given the amount in controversy in this case. See, e.g., Rose v. Delaney, 576 So.2d 232, 233 (Ala.1991) ("This case is a breach of contract action, a civil matter over which the circuit court has jurisdiction. § 12-11-30, Alabama Code 1975."). We see no defect in the trial court's subject-matter jurisdiction with respect to Tahsin's claimed error in striking its fifth defense. If a trial court erroneously rejects a contention that the United States Constitution requires it to refrain from awarding a certain form of damages, notwithstanding a state statute authorizing such damages, the remedy is appeal from the final judgment.

III. Conclusion

Based on the foregoing reasons, we deny Tahsin's petition.
PETITION DENIED.
*1125 COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
NOTES
[1] Section 8-24-2(a) provides: "The terms of the contract between the principal and sales representative shall determine when a commission is due."