318 So.2d 739

**STATE of Alabama, DEPARTMENT OF INDUSTRIAL RELATIONS**

**v.**

**Margaret L. THOMAS.**

**Civ. 508.**

Court of Civil Appeals of Alabama.

Aug. 6, 1975.

Arthur J. Reid, General Counsel, for Dept. of Industrial Relations and Richard S. Brooks, Asst. General Counsel, for Dept. of Industrial Relations, Montgomery, for appellant.

Love, Love & Lawrence, and William W. Lawrence, Talladega, for appellee.

BRADLEY, Judge.

This is an appeal from a judgment of the Circuit Court of Talladega County, Alabama awarding unemployment compensation to the appellee, Margaret L. Thomas.

The issue presented to this court is whether the appellee qualified for unemployment compensation benefits under Title 26, Section 213, Code of Alabama 1940, as Recompiled 1958.

A de novo hearing was held by the trial court sitting without a jury and it found that appellee (hereinafter referred to as claimant) was eligible for benefits under the provisions of Title 26, Section 213, Code of Alabama 1940, as Recompiled 1958, and that she did leave her employment voluntarily with good cause. Claimant was awarded benefits of $55.00 per week for twenty-six weeks, and this appeal is from that judgment.

The facts are that the claimant was a sales person with Jefferson Furniture Company in Sylacauga. A dispute arose between claimant and the store manager over the sale of some household furniture which had been previously placed on lay-away. A deposit of $25 had been made by the would-be purchaser. Claimant says she told the manager that he could do whatever he wanted to about the resale of the furniture. The manager testified that the claimant said she could not afford to lose the commission on the lay-away sale, and she would have to quit if it were sold.

The furniture was sold and claimant left the employ of Jefferson Furniture Company.

The State Department of Industrial Relations (hereinafter referred to as State), by appropriate assignments of error, contends that the trial court's judgment is erroneous for there is no evidence in the record that claimant was eligible for benefits under Section 213, *supra.* Section 213 requires in part that in order to be eligible for benefits, one must be able and available for work. The State also argues that the evidence is insufficient to support the conclusion that claimant voluntarily left her work with good cause. Title 26, Section 214, Code of Alabama 1940, as Recompiled 1958, provides that a person must have left his employment voluntarily to avoid being disqualified from receiving benefits which he may be eligible to receive.

In support of its argument that claimant was ineligible to receive benefits, the State says that in order for claimant to recover, she must prove not only that she voluntarily left her employment with good cause, but that she also was able and available for work. Such a burden is placed on a claimant for unemployment benefits by Title 26, Section 213(C), Code of Alabama 1940, as Recompiled 1958. At the beginning of the hearing the State stipulated as follows:

". . . the issues [are] whether or not she is entitled to the unemployment compensation benefits that she is claiming, . . . . In other words we are not going to argue about what amount that she would be entitled to, but we do want to argue whether or not she is entitled to any."

The trial court in its judgment said:

". . . The Court having considered the evidence and stipulations finds that the Appellant is eligible under Title 26, Section 213 of the Code of Alabama of 1940 in that appellant did not voluntarily leave her work without good cause connected with her work, and is therefore qualified to receive the benefits claimed."

The State calls to our attention the error of the trial court by the assignment of error which says:

"II

"The trial court erred in holding that the plaintiff-appellee was eligible within the meaning of the State Unemployment Compensation Law to receive the unemployment compensation benefits awarded her."

Title 26, Section 213(C), Code of Alabama 1940, as Recompiled 1958, provides in pertinent part as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the director finds that—

.   .   .   .   .   .

"C. He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such work may be available."

Title 26, Section 214, Code of Alabama 1940, as Recompiled 1958, provides in part as follows:

"An individual shall be disqualified for total or partial unemployment:

.   .   .   .   .   .

"B. If he has left his most recent bona fide work voluntarily without good cause connected with such work."

■ As to how these sections are to be treated, the Court of Appeals in *Southern Bell Tel & Tel Co. v. Department of Indus. Relations,* 42 Ala.App. 351, 165 So.2d 128, said:

"It has been repeatedly held that Secs. 213 and 214 of Tit. 26, Code of Alabama, 1940, as amended, must be read and construed together for the purpose of determining one's eligibility for unemployment compensation. . . ."

The trial court in its judgment found from the ". . . evidence and stipulations . . ." that claimant was eligible for unemployment compensation benefits ". . . under Title 26, Section 213 of the Code of Alabama of 1940 . . . ." The court further found that claimant was not disqualified from receiving benefits under Title 26, Section 214, *supra,* for she had voluntarily left her employment for good cause.

■ We construe the *Southern Bell* case to stand for the proposition that for one to

recover unemployment compensation benefits the claimant must prove not only that he or she is not disqualified under Section 214, *supra*, but that he or she is eligible to receive such benefits under Section 213, *supra*.

The trial court's finding that the claimant was eligible to receive benefits is without support in the evidence. After a very careful review of the record in this case we are unable to find any evidence to support a finding that claimant was able and available for work which she was qualified to do. Such proof was necessary to sustain claimant's case and, in its absence, an essential element of her case fails. As a consequence, she would not be entitled to any benefits under the Alabama unemployment compensation law.

The judgment of the trial court is therefore reversed and the cause remanded.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.