The State Department of Industrial Relations appeals from a judgment denying its motion for a directed verdict and awarding unemployment compensation to the claimant, Callie L. Downey. We reverse.
Mrs. Downey was terminated from her employment with Opelika Manufacturing Company in March 1979. She was disqualified for unemployment compensation by the Department of Industrial Relations, and the board of appeals confirmed this order on May 22, 1979. Mrs. Downey appealed to the circuit court where a trial de novo was held on August 23, 1979. The trial court found for Mrs. Downey and awarded her unemployment compensation.
The sole issue presented here is whether the trial court erred in awarding claimant unemployment compensation. Appellee did not favor us with a brief.
It is undisputed that all parties and the court approached a decision in this case on the basis that claimant would have to prove she was entitled to unemployment compensation under §25-4-77 and § 25-4-78, Code of Alabama 1975.
Section 25-4-77 provides in part:
 An unemployed individual shall be eligible to receive benefits with respect to any week only if the director finds that:
 (1) He has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.
 (2) He has registered for work at, and thereafter continued to report at, an unemployment office in accordance with such regulations as the director may prescribe; except, that the director may by regulation waive or alter either or both of the requirements of this subdivision (2) as to individuals attached to regular jobs and as to such other types of cases or situations with respect to which he finds that compliance with such requirements would be oppressive, or would be inconsistent with purposes of this chapter.
 (3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work either at a locality at which he earned wages for insured work during his base period or at a locality where it may reasonably be expected that such work may be available.
Section 25-4-78 provides in part:
 An individual shall be disqualified for total or partial unemployment:
. . . . .
 (5) FAILURE TO ACCEPT AVAILABLE SUITABLE WORK, ETC. — If he fails, without good cause, either to apply for or to accept available suitable work or to return to his customary self-employment when so directed by the director or when he is notified of suitable work or it is offered him through a state employment office or the United States employment service, or directly or by written notice or offer to any such employment office or employment service by an employer by whom the individual was formerly employed. Such disqualification shall be for a period of not less than one nor more than 10 weeks from the date of said failure.
 In Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948), the supreme court said that:
 [T]he burden of proof is upon plaintiff (claimant) to establish his rights to benefits under the unemployment compensation *Page 908 
law. An unemployed individual is eligible to receive benefits only if it appears that the required conditions have been met and the burden is upon him to show that those conditions exist. The claimant assumes the risk of nonpersuasion.
We said in State Department of Industrial Relations v.Thomas, 55 Ala. App. 712, 318 So.2d 739 (1975) that:
 After a very careful review of the record in this case we are unable to find any evidence to support a finding that claimant was able and available for work which she was qualified to do. Such proof was necessary to sustain claimant's case and, in its absence, an essential element of her case fails. As a consequence, she would not be entitled to any benefits under the Alabama unemployment compensation law.
The record is devoid of any evidence that appellee was available for work as required by the statute, nor is there any evidence that appellee made any effort to comply with the unemployment qualification statutes. Thus, it is clear that appellee failed to carry the burden placed on her by the unemployment compensation law, and, as a consequence, her claim must fail. The trial court's judgment awarding claimant compensation is reversed, and the cause is remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.