This is an unemployment compensation case. Mrs. Quick, the claimant, appeals.
At the conclusion of the claimant's evidence, the department moved for "a directed verdict" upon the ground that the claimant had not met her burden of proof under § 25-4-77 of the Code of Alabama of 1975, which contains the following provisions:
 An unemployed individual shall be eligible to receive benefits with respect to any week only if the director finds that:
. . . .
 (3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work. . . .
The trial court overruled that motion of the department; however, the final judgment determined that the claimant was disqualified, and was not eligible to receive unemployment benefits under the laws of Alabama.
In State Department of Industrial Relations v. Thomas,55 Ala. App. 712, 715, 318 So.2d 739, 741 (1975), a judgment awarding unemployment benefits was reversed. Therein, it was stated:
 The trial court's finding that the claimant was eligible to receive benefits is without support in the evidence. After a very careful review of the record in this case we are unable to find any evidence to support a finding that claimant was able and available for work which she was qualified to do. Such proof was necessary to sustain claimant's case and, in its absence, an essential element of her case fails. As a consequence, she would not be entitled to any benefits under the Alabama unemployment compensation law.
Of like tenor, see also, State Department of IndustrialRelations v. Downey, Ala.Civ.App., 380 So.2d 906 (1980);Director of State Department of Industrial Relations v. Harbin, Ala.Civ.App., 365 So.2d 313 (1978). *Page 314 
Thus, the law is very clear and certain that the burden is upon a claimant who sues for unemployment compensation to establish by sufficient evidence, or by proper and adequate stipulation, that she was available for work during the time for which she seeks benefits. Here, the evidence did not touch upon, and the stipulation did not cover, those requirements, conditions or burden. Therefore, we have no alternative but to affirm the judgment of the learned trial court.
Since this case must be affirmed for the foregoing reason, we pretermit a decision on other issues argued on appeal.
Parenthetically, we note that a "motion for a directed verdict" in a non-jury case is a very common misnomer which is utilized by many practicing attorneys. While courts consider such motions upon their merits rather than by their erroneous designation, memories should be jogged that:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. (Emphasis ours)
ARCP, rule 41 (b). In a non-jury case the proper designation for such a motion is a "motion for a dismissal," and it substantially serves the same purpose as does a rule 50 motion for a directed verdict in a jury trial.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.