MONROE, Judge.
In December 1997, Peter Hepp filed a complaint against Wal-Mart Stores, Inc., seeking workers’ compensation benefits. Following discovery, the parties agreed to settle the case. In June 1998, the trial court approved the settlement. In August 1998, Hepp petitioned the trial court to reopen his case, for consideration of vocational disability, alleging that Wal-Mart had terminated him shortly after the settlement. The trial court granted Hepp’s petition to reopen; it entered a judgment finding that Hepp had suffered a 50% loss of earning capacity. Wal-Mart appeals, claiming that the trial court erred in reopening the case under § 25-5-57(a)(3)i., Ala.Code 1975. The amount of disability awarded by the trial court after the case was reopened is not at issue.
The standard of review this court must apply is derived from § 25-5-81(e)(1), Ala.Code 1975: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the Workers’ Compensation Act provides that “[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25 — 5—81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996).
The record tends to show the following. Hepp was employed by Wal-Mart as a service manager in the “tire and lube” department. In November 1996, he injured his back while on the job. Hepp settled his workers’ compensation claim with Wal-Mart, and the settlement was approved by the trial court. Hepp returned to work at the same position and at the same or greater pay. Under the terms of his settlement agreement, Hepp retained the right to reopen his case pursuant to § 25 — 5—57(a)(3)i., Ala.Code 1975. In June 1998, Hepp was terminated for allowing a former Wal-Mart employee to enter the service area with his vehicle and to drain freon into Wal-Mart’s storage facility. Hepp did not complete a service order; he testified that he was aware that his actions were against company policy. Hepp testified that he had requested and received permission for this action from his department supervisor, Jeremy Cock-rell. Hepp testified that he was not warned, counseled, or reprimanded about his action before he was terminated.
The only issue raised by Wal-Mart on appeal is whether the trial court erred by reopening Hepp’s workers’ compensation case under § 25-5-57(a)(3)i., Ala.Code 1975. This section precludes the trial court from considering evidence of vocational loss or disability, because Hepp returned to work at a wage that was greater than the wage he was paid before he was *477 injured. However, the statute creates a right to reopen the case for a consideration of vocational disability if the employee loses his employment within 300 weeks from the date of the accident.
The legislature created five exceptions to the worker’s right to reopen a case. These exceptions were designed to protect the employer from unwarranted liability for full compensation to an employee who has already received compensation. In order to assure that the employer does not abuse the exceptions, the legislature placed the burden on the employer to prove that one of the five exceptions is applicable to the employee.
Wal-Mart contends that the fourth exception of § 25 — 5—57(a)(3)i. prevents Hepp’s case from being reopened. The exception states that an employee’s case cannot be reopened if “[t]he loss of employment is for actual or threatened misconduct committed in connection with his or her work after previous warning to the employee.” § 25-5-57(a)(3)i.(iv).
The evidence in the record indicates that at no time did Hepp receive a warning prior to the action that led to his termination. The evidence indicates that, in fact, Hepp asked for, and was granted permission by his supervisor, to proceed with the act. Wal-Mart contends that Hepp was given prior warning because he was familiar with company policy, which prohibits such actions. However, Wal-Mart presented no evidence to contradict Hepp’s evidence that he was given permission by his supervisor. This fact contradicts Wal-Mart’s claim that Hepp was previously warned about the misconduct.
Although Hepp testified that he had knowledge of company policies, the record does not indicate that he received a warning about his conduct before his termination. The fact that Hepp was aware of company policy may give Wal-Mart the right to terminate his employment, but this fact does not preclude the court from reopening Hepp’s case.
The dissenting opinion fails to take into consideration Hepp’s testimony that he asked for, and received permission for, his actions from Jeremy Cockrell. Hepp testified that Cockrell was “in charge of the whole Automotive.” The dissenting opinion also concludes that the “legislative intent in drafting § 25-5-57(a)(3)i.(iv), is that a written policy prohibiting certain conduct is a sufficient warning to trigger application of the statute.” Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala.1984). We disagree. The dissenting opinion fails to consider that in 1992, the Alabama Legislature, in drafting the Workers’ Compensation Act, specifically indicated that the Act should be “liberally construed to effectuate the intended beneficial purposes” (Emphasis added.) See § 25-5-1; Act No. 92-537, Ala. Acts 1992. The Alabama Workers’ Compensation law has been liberally construed by the courts to accomplish its beneficent purpose, and all reasonable doubts should be resolved in favor of the employee. See Owsley v. Winston Furniture Co., 596 So.2d 12 (Ala.Civ.App.1992). This provision has been cited numerous times by Alabama courts as support for interpreting provisions of this statute in a manner sympathetic to the worker. See Gold Kist, Inc. v. Oliver, 526 So.2d 588 (Ala.Civ.App.1988). We conclude that the legislature did not intend for § 25-5-57(a)(3)i.(iv) to mean that a written policy prohibiting certain conduct is a sufficient warning to trigger the application of the statute. Instead, we hold that the legislature intended for this statute to be liberally construed and resolved in favor of the employee.
Wal-Mart did not prove by clear and convincing evidence that the fourth exception was applicable to prevent the court from reopening Hepp’s case.
*478 The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES J., concur.
CRAWLEY and THOMPSON, JJ., dissent.