Wal-Mart Stores, Inc., petitioned this Court pursuant to Rule 5, Ala. R.App. P., for permission to appeal from the trial court's denial of its motion for a summary judgment in this retaliatory-discharge case. We granted the petition, and we reverse and remand.
 Facts and Procedural History
Peter Gregory Hepp was employed at a Wal-Mart discount department store as a manager in the "tire and lube express" service center. In November 1996, Hepp injured his back while on the job. He underwent back surgery and in November 1997 filed an action against Wal-Mart seeking workers' compensation benefits. On June 8, 1998, the trial court approved a settlement agreement between Wal-Mart and Hepp.
Also on June 8, 1998, Randy Baggett, a district manager for Wal-Mart, received a report that Hepp had been dispensing freon without charging a fee for the service. Baggett investigated the claim, and learned that Hepp had dispensed freon into his personal vehicle and a vehicle belonging to an acquaintance. Hepp had not charged for the service and had not prepared service orders for the vehicles; Wal-Mart required that a service order be prepared for each vehicle brought in for servicing. On June 10, 1998, Hepp was terminated for violating the following policies: "(1) performing work (i.e. dispensing freon) at the Riverchase [tire and lube express service center], which . . . was not allowed, (2) failing to write up a service report on a vehicle for which he provided service[,] and (3) performing service on a personal vehicle."
Hepp filed for unemployment-compensation benefits with the Department of Industrial Relations ("DIR") on June 28, 1998. On July 21, 1998, DIR denied Hepp benefits. Hepp appealed the denial to the appeals tribunal, as provided by Ala. Code 1975, § 25-4-91
and § 25-4-92, alleging that he was terminated because he had filed a workers' compensation claim against Wal-Mart, which had recently been settled. *Page 331 
A hearing was held on Hepp's appeal. Both Hepp and a representative from Wal-Mart participated in the hearing. On August 14, 1998, the appeals referee determined that Hepp had been discharged for "misconduct connected with his work," pursuant to Ala. Code 1975, § 25-4-78(3)(c), because Hepp had violated Wal-Mart's policy. The referee then held that Hepp was disqualified from receiving full benefits and was entitled to only reduced benefits under that Code section. Hepp did not appeal this decision.
After Hepp's hearing before the referee, but before the referee issued his decision, Hepp filed a complaint in the Shelby Circuit Court, seeking to reopen his 1997 workers' compensation case to consider vocational disability.[1] He later amended his complaint to allege that Wal-Mart had discharged him in retaliation for his filing a workers' compensation action, in violation of Ala. Code 1975, § 25-5-11.1. Wal-Mart moved for a summary judgment on the retaliatory-discharge claim, arguing that Hepp is barred by the doctrine of collateral estoppel from relitigating the reason underlying his termination, which, Wal-Mart argued, the appeals referee had already determined was "misconduct connected with his work." The trial court denied Wal-Mart's motion, but certified its order for an interlocutory appeal under Rule 5, Ala. R.App. P.
 Standard of Review "This Court reviews de novo a trial court's denial of a summary judgment. See Young v. La Quinta Inns, Inc., 682 So.2d 402, 403 (Ala. 1996) (citing Hightower Co. v. United States Fid. Guar. Co., 527 So.2d 698 (Ala. 1988)). Where, as in this case, the defendant moves for a summary judgment based on an affirmative defense, this Court applies the following standard of review:
 "`When there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. Rule 56(c), Ala. R. Civ. P. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant).'
 "Bechtel v. Crown Central Petroleum Corp., 495 So.2d 1052, 1053 (Ala. 1986)."
Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 444-45
(Ala. 1999).
 Discussion
Hepp's retaliatory-discharge action is governed by Ala. Code 1975, § 25-5-11.1. That Code section provides, in pertinent part, that "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits. . . ."
 "`In order to establish a prima facie case of retaliatory discharge [under § 25-5-11.1], the plaintiff must present substantial evidence that he was terminated solely for seeking workers' compensation *Page 332 
benefits.' Kent Corp. v. Hale, 699 So.2d 954, 958
(Ala. 1997); see also Twilley v. Daubert Coated Prods., Inc., 536 So.2d 1364, 1369 (Ala. 1988). Where a defendant makes a motion for summary judgment and properly supports the motion with evidence of a legitimate reason for terminating the plaintiff, the plaintiff must present substantial evidence not only establishing a prima facie case but also showing that the defendant's stated reason for termination was a pretext. See Rickard v. Shoals Distrib., Inc., 645 So.2d 1378, 1382 (Ala. 1994)."
Smitherman, 743 So.2d at 446.
Wal-Mart argues that the doctrine of collateral estoppel bars Hepp from arguing in this case that he was terminated for some reason other than "misconduct connected with his work," which was the reason the referee had determined Hepp was terminated. Thus, Wal-Mart argues, Hepp cannot establish a prima facie case of retaliatory discharge. We agree.
"The doctrine of collateral estoppel applies when:
 "`(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.'"
Ex parte Shelby Med. Ctr., Inc., 564 So.2d 63, 68 (Ala. 1990) (quoting Pantex Towing Corp. v. Glidewell, 763 F.2d 1241, 1245
(11th Cir. 1985)). Wal-Mart argues that all five elements are met in this case.
We note that this case is virtually indistinguishable fromSmitherman, supra. In Smitherman, an employee, Smitherman, alleged that she had developed carpal tunnel syndrome during the course of her employment with Wal-Mart. After surgery to alleviate the carpal tunnel syndrome, Smitherman returned to work and subsequently injured her shoulder. Four days after injuring her shoulder, Smitherman was terminated for making a profane and derogatory remark about a district manager. Smitherman, 743 So.2d at 443.
Following her termination, Smitherman applied for unemployment compensation. However, she was partially disqualified from receiving unemployment compensation, under Ala. Code 1975, §25-4-78(3)(c), because she had been terminated for misconduct.Smitherman, 743 So.2d at 444. An appeals referee affirmed the decision partially disqualifying her from benefits. Smitherman did not appeal to the circuit court, and the referee's decision became final. Id.
Before any ruling on her unemployment-compensation claim became final, Smitherman filed a retaliatory-discharge action against Wal-Mart in the circuit court, under Ala. Code 1975, § 25-5-11.1. Wal-Mart later moved for a summary judgment, arguing that Smitherman was collaterally estopped from asserting a retaliatory-discharge claim. The trial court denied the motion for a summary judgment, and this Court accepted an interlocutory appeal under Rule 5, Ala. R.App. P. Smitherman, 743 So.2d at 444.
This Court held that all of the elements of collateral estoppel were met in Smitherman's case: the parties were the same, and both the unemployment-compensation-benefits case and the retaliatory-discharge action required litigation of one common issue — namely, the reason underlying Smitherman's discharge. Smitherman had an adequate opportunity to litigate this issue in the proceeding before the appeals referee, and she knew in that proceeding *Page 333 
that Wal-Mart was claiming that she had been terminated for misconduct. Additionally, the appeals referee made clear in his final decision that the reason for Smitherman's termination was actually determined, and that such a determination was necessary in the unemployment-compensation case. Therefore, we held that Smitherman was collaterally estopped from relitigating in her retaliatory-discharge action the reason for her discharge.Smitherman, 743 So.2d at 448. For this reason, Wal-Mart was entitled to a summary judgment on Smitherman's retaliatory-discharge claim.
Under the rationale of Smitherman, Hepp's retaliatory-discharge claim is likewise barred by the doctrine of collateral estoppel. First, there is no dispute that the parties are identical. Second, the issue whether Hepp was terminated for misconduct was the issue litigated and decided in his unemployment-compensation-benefits case before the appeals referee. As we noted in Smitherman, the employee has the burden in an unemployment-compensation case of proving that he is entitled to benefits:
 "Under Alabama's Unemployment Compensation Act, a claimant has the burden of proving that he or she is eligible to receive benefits under Ala. Code 1975, § 25-4-77, and that he or she is not disqualified from receiving benefits by § 25-4-78. See Davenport v. State Dep't of Indus. Relations, 692 So.2d 851, 852
(Ala.Civ.App. 1997). `"The claimant assumes the risk of nonpersuasion."' State Dep't of Indus. Relations v. Downey, 380 So.2d 906, 908 (Ala.Civ.App. 1980) (quoting Department of Indus. Relations v. Tomlinson, 251 Ala. 144, 145, 36 So.2d 496, 497
(1948)). To be eligible under § 25-4-77(a), a claimant must (1) file a claim for each week's benefits; (2) register for work at, and thereafter continue to report at, the state employment office; and (3) be able to work and be available for work. Under § 25-4-78(3)c., a claimant is partially disqualified from receiving unemployment-compensation benefits if he or she was discharged for misconduct committed in connection with work."
Smitherman, 743 So.2d at 445.
The appeals referee's decision in Hepp's case states, in part:
 "Section 25-4-78(3)(c) . . . provides that an individual shall be disqualified for total or partial unemployment if he was discharged from his most recent bona fide work for misconduct committed in connection with such work. . . . Employer's [sic] may also expect that employees will diligently oversee the employer's equipment assigned to them. The testimony presented at this hearing indicates that the claimant displayed disregard for those standards of behavior, committing what would be considered misconduct connected with his work. Since the testimony shows that the claimant's employment was terminated as a result of misconduct he would be subject to a disqualification under this section. . . ."
(Emphasis added.) This decision makes clear that the referee determined that Wal-Mart terminated Hepp's employment because of misconduct on Hepp's part.
In Hepp's retaliatory-discharge action, he must, under Ala. Code 1975, § 25-5-11.1, prove that Wal-Mart's proffered reason for terminating his employment, i.e., misconduct connected with his work, was not the true reason for his termination. The very issue whether Hepp had been terminated because of misconduct, however, was at issue in the unemployment-compensation proceeding. Thus, there is an identity to at least one issue in the two proceedings. *Page 334 
Hepp, however, claims that there is no identity of the issues in this case because, he argues, the referee's determination that he was terminated because of misconduct did not involve a finding as to Wal-Mart's "motive" behind his termination. Specifically, Hepp claims that he is estopped from litigating only the issue whether his act of violating company policy constituted misconduct. He is not, he maintains, precluded from litigating whether Wal-Mart's stated reason for terminating his employment was a pretext for terminating him because he filed a workers' compensation claim.[2] In other words, Hepp claims that while Wal-Mart's "reason" for terminating him has been decided, its "motivation" has not.
In making this argument Hepp is attempting to make a distinction without a difference. The issue decided by the appeals referee was whether Hepp was terminated either for misconduct or for some other reason (for example, retaliation for filing a workers' compensation claim, the reason Hepp argued at the hearing he had been fired). The referee determined that the former was the case — that Hepp had been discharged by Wal-Mart because of his misconduct. Moreover, the referee, in finding that Hepp had been discharged because of misconduct, necessarily rejected Hepp's claim that he was terminated in retaliation for filing the workers' compensation action. See Smitherman, 743 So.2d at 447 (holding that it is the employee's burden in an unemployment-compensation proceeding to refute the employer's proffered reason for termination by demonstrating that the employer's reason was a pretext).
Furthermore, the hearing before the appeals referee offered Hepp an adequate opportunity to litigate this issue.
 "The Unemployment Compensation Act requires that the appeals tribunal `afford the parties reasonable opportunity for [a] fair hearing.' Ala. Code 1975, § 25-4-93. The procedure for conducting the hearing is prescribed by regulations of the Department of Industrial Relations. See § 25-4-92(b); see generally Ala. Admin. Code r. 480-1-4-.04 to -.06. Those regulations provide for a hearing at which the parties are afforded the opportunity to present evidence and testimony of witnesses given under oath. See Ala. Admin. Code r. 480-1-4-.04. A party may be represented by an attorney. See r. 480-1-4-.05. The parties are also afforded the opportunity to request that the hearing officer issue subpoenas to compel the attendance of witnesses or the production of documents or other things. See r. 480-1-4-.06."
Smitherman, 743 So.2d at 446.
The record in this case demonstrates that the appeals referee held a hearing on Hepp's claim. The notice of hearing indicated that whether Hepp was discharged for misconduct was going to be at issue at the hearing. Moreover, the record contains what Hepp asserts is a transcript of the hearing. This transcript indicates that both Hepp and a Wal-Mart representative were present at the hearing, and although neither was represented by counsel, both parties were given the opportunity to present testimony and evidence. Although Hepp acknowledged that he committed the acts Wal-Mart alleges were misconduct, Hepp claimed that he failed to complete the service orders because he was sick at *Page 335 
the time and was on strong medication. He also repeated his argument that he believed Wal Mart terminated him because he had settled the workers' compensation claim, and he had the opportunity to present evidence to substantiate this claim. The record thus indicates that Hepp had an adequate opportunity to litigate the issue whether he was terminated because of misconduct or because he had filed an action seeking workers' compensation benefits.
Finally, it is clear from the referee's decision that the issue we determine Hepp is estopped from relitigating — whether Hepp was fired for misconduct — was both actually litigated and necessary for the referee's decision. Because all five elements of collateral estoppel are met, Hepp is estopped from relitigating in his retaliatory-discharge action the reason for his discharge. See generally Smitherman, supra; Rigby v.Marshall, 134 F.Supp.2d 1259 (M.D.Ala. 2000) (holding that a decision by an unemployment-compensation referee that an employee was terminated for misconduct under § 25-4-78(3)(c) collaterally estopped the employee from filing a 42 U.S.C.A. § 1983 action alleging retaliatory discharge); Smith v. Alabama Aviation Tech. College, 683 So.2d 426 (Ala.Civ.App. 1995) (holding that an employee was barred by the doctrine of collateral estoppel from filing a 42 U.S.C.A. § 1983 action alleging he was terminated in retaliation for exercising his right to free speech after an employee-review panel held that the employee was fired for failing to perform his duties satisfactorily).
Because Hepp is collaterally estopped from relitigating, in his retaliatory-discharge action, the reason for his termination, Wal-Mart has shown that it is entitled to a judgment as a matter of law, and a summary judgment in its favor is proper. We therefore reverse the trial court's denial of Wal-Mart's motion for a summary judgment, and remand this cause for the trial court to enter a judgment in favor of Wal-Mart on Hepp's retaliatory-discharge claim.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] The trial court later granted Hepp's petition and found that Hepp had suffered a 50 percent loss of earning capacity as a result of his on-the-job back injury. Wal-Mart appealed this decision to the Court of Civil Appeals, which affirmed the trial court's judgment. Wal-Mart Stores, Inc. v. Hepp, 797 So.2d 475
(Ala.Civ.App. 2000); this Court denied certiorari review,797 So.2d 478 (Ala. 2001).
[2] In fact, Hepp claims that he produced substantial evidence indicating that Wal-Mart's true motive in terminating him was retaliation for his filing a workers' compensation action.