MURDOCK, Justice.
Anthony Rogers petitioned for certiorari review after the Court of Civil Appeals affirmed a judgment denying his claim for unemployment-compensation benefits. We granted certiorari review to reconsider prior Alabama decisions holding that the claimant has the burden of proving the *774 absence of a disqualification for misconduct.

Facts and Procedural History

Rogers was employed by Penske Truck Leasing Co., L.P., for several years as a customer-service representative. His duties included pumping fuel into trucks leased to Penske’s customers. Rogers was accused of helping Christopher Bibb (not an employee or a customer of Penske) steal fuel from Penske. Bibb drove a large truck that was not leased from Penske. With the assistance of one or more Penske employees, Bibb arranged to have his truck fueled at Penske’s Montgomery facility using billing codes assigned to trucks leased to Penske customers.
In October 2005, the fuel-stealing scheme was discovered and the Montgomery police began investigating. On October 31, 2005, Rogers was arrested by the Montgomery police for theft of fuel based on receipts found in Bibb’s truck that bore Rogers’s initials and employee-authorization code. On the afternoon of Rogers’s arrest, Penske fired him for his alleged participation in Bibb’s scheme to steal fuel from Penske. Rogers denied that he had participated in stealing any fuel from Penske.
In January or February 2006, the charges against Rogers were nol-prossed. In January 2007, Rogers was indicted for theft of fuel in connection with the events of October 2005.[1] In June 2007, Rogers was tried on the theft charges and was acquitted.[2]
After Rogers was fired, he filed a claim for unemployment-compensation benefits with the Alabama Department of Industrial Relations (“DIR”). Penske challenged the claim on the basis that Rogers had been discharged for a dishonest and criminal act and was therefore disqualified from receiving unemployment-compensation benefits. The claims examiner awarded benefits to Rogers and stated that “[t]he employer has failed to provide sufficient evidence to substantiate actual misconduct.” Penske appealed and DIR’s hearing officer affirmed the award of benefits.
Penske appealed to the Montgomery Circuit Court.[3] Before the circuit court, the parties allowed the court to decide the case based on the evidence previously filed by the parties. The circuit court denied benefits, stating that
“[w]hen, as here, an employee is terminated for misconduct, he bears the burden of proving he is not subject to the disqualification for benefits. Wal-Mart Stores, Inc. v. Hepp, 882 So.2d 329, 333 (Ala.2003).
“The Court further finds that [Rogers] failed to meet his burden of proof.”
(Emphasis added.) Rogers appealed.
The Court of Civil Appeals affirmed the circuit court’s judgment, without an opinion, apparently concluding that it was bound by decisions of this Court that place on the claimant the burden of proving the absence of a disqualification for unemployment-compensation benefits. Rogers v. Penske Truck Leasing Co. (No. 2070985, April 3, 2009), 51 So.3d 1128 (Ala.Civ.App. *775 2009) (table). This Court granted Rogers’s petition for the -writ of certiorari.

Standard of Review

“An appellate court reviews the burden of proof applied at trial and other legal issues ... without a presumption of correctness.” Ex parte USX Corp., 881 So.2d 437, 441 (Ala.2003).

Legal Analysis

In affirming the decision of the circuit court, the Court of Civil Appeals apparently considered itself bound by prior Alabama decisions that appear to indicate that the burden is on the unemployment-compensation claimant to prove the absence of a disqualification. In this regard, the cases cited by the Court of Civil Appeals in its order affirming the circuit court’s judgment include Wal-Mart Stores, Inc. v. Hepp, 882 So.2d 329, 333 (Ala.2003); Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 445-47 (Ala.1999); and Department of Industrial Relations v. Jaco, 337 So.2d 374, 376-77 (Ala.Civ.App.1976).
As discussed in more detail below, the prior Alabama cases provide little support for a rule that is contrary to the rule in most or all the other states that have addressed the issue before us. The Alabama rule referenced in these cases would require the claimant to prove a negative, a requirement the law generally is reluctant to impose. It is a rule that is inconsistent with the treatment of affirmative defenses generally and ultimately with the beneficent purposes of the unemployment-compensation act.

I. The Relevant Provisions of the Unemployment-Compensation Act

Section 25-4-77, Ala.Code 1975, sets forth the eligibility requirements for receiving unemployment-compensation benefits and provides, in pertinent part:
“(a) An unemployed individual shall be eligible to receive benefits ... only if the director finds that:
“(1) He has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.
“(2) He has registered for work at, and thereafter continued to report at, a state employment office....
“(3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work....
“(4) He has been totally or partially unemployed in such week.
“(5) He has made a reasonable and active effort to secure work which he is qualified to perform by past experience and training....”
Section 25-4-78, Ala.Code 1975, sets forth various disqualifications and provides, in part, as follows:
“An individual shall be disqualified for total or partial unemployment:
“(1) Labor dispute in place of employment. For any week in which his total or partial unemployment is directly due to a labor dispute still in active progress in the establishment in which he is or was last employed....
“(2) Voluntarily quitting work. If he has left his most recent bona fide work voluntarily without good cause connected with such work.
[[Image here]]
“(3) Discharge for misconduct.
“a. If he was discharged or removed from his work for a dishonest or criminal act committed in connection with his work or for sabotage or an act endangering the safety of others or [drug-related misconduct].
*776 [[Image here]]
“b. If he was discharged from his most recent bona fide work for actual or threatened misconduct committed in connection with his work (other than acts mentioned in paragraph a. of this subdivision (3)) repeated after previous warning to the individual....
“c. If he was discharged from his most recent bona fide work for misconduct connected with his work [other than acts mentioned in paragraphs a. and b. of this subdivision (3) ]....”[4]
Sections 25-4-77 and -78 do not address the allocation of the burden of proof.[5]

II. Prior Alabama Cases Suggesting That the Claimant Bears the Burden of Proof as to the Absence of a Disqualification

At best, Smitherman and Hepp, cited by the Court of Civil Appeals, provide only weak support for a rule allocating to the claimant the burden of proof as to the absence of a disqualification. Neither Smitherman nor Hepp, nor the cases on which they rely, contain any substantial legal analysis or discussion of applicable principles, and most of the cases they cite fail to distinguish between eligibility, disqualifying circumstances, and justifications or excuses for a disqualifying circumstance.
Moreover, Smitherman and Hepp did not directly involve an unemployment-compensation appeal, and the comments in those cases as to the allocation of the burden of proof appear to be dicta. The issue in both Smitherman and Hepp was whether the doctrine of collateral estoppel barred a retaliatory-discharge action brought pursuant to a provision of the Workers’ Compensation Act, Ala.Code 1975, § 25-5-11.1, when an unemployment-compensation claim had previously been adjudicated against the employee in an administrative proceeding. In Smith-erman, this Court stated:
“Under Alabama’s Unemployment Compensation Act, a claimant has the burden of proving that he or she is eligible to receive benefits under Ala.Code 1975, § 25-4-77, and that he or she is not disqualified from receiving benefits by § 25-4-78. See Davenport v. State Dep’t of Indus. Relations, 692 So.2d 851, 852 (Ala.Civ.App.1997). ‘ “The claimant assumes the risk of nonpersuasion.” ’ State Dep’t of Indus. Relations v. Downey, 380 So.2d 906, 908 (Ala.Civ.App.1980) (quoting Department of Indus. Relations v. Tomlinson, 251 Ala. 144, 145, 36 So.2d 496, 497 (1948)).”
743 So.2d at 445-46. The Smitherman Court noted that, in the related unemployment-compensation case, it had been de *777 termined that the claimant was partially disqualified from receiving unemployment-compensation benefits because of misconduct. It held that that determination barred the claimant from relitigating in the retaliatory-discharge action the reason for her termination. Thus, the decision in Smitherman did not turn on which party had the burden of proof in the unemployment-compensation case, but simply on the fact that the issue had been litigated to a conclusion.
Further, the cases cited by Smitherman with respect to the burden of proof address only the eligibility for unemployment-compensation benefits, and not disqualification. Consequently, Smitherman provides little, if any, guidance for an allocation of the burden of proof on issues other than eligibility.[6]
Smitherman indirectly quoted Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948), for the proposition that a claimant “ “assumes the risk of nonpersuasion.” ’ ” 743 So.2d at 445. Tomlinson, however, addressed only eligibility for benefits under the predecessor to § 25-4-77 and did not address disqualification under the predecessor to § 25-4-78. The Tomlinson Court concluded that the claimant was not eligible for unemployment-compensation benefits because he did not make a reasonable effort to find new employment and was not available for work.[7]
Similarly, in Department of Industrial Relations v. Downey, 380 So.2d 906, 908 (Ala.Civ.App.1980), the court, applying Tomlinson, held that the claimant had failed to meet her burden of proof because she had not established her eligibility for benefits. Specifically, the court concluded that “[t]he record is devoid of any evidence that appellee was available for work as required by the statute, nor is there any evidence that appellee made any effort to comply with the unemployment qualification statutes.” 380 So.2d at 908. Thus, neither Doumey nor Tomlinson addressed the burden of proof as to the issue of disqualification or made any distinction between eligibility and disqualification.
In Jaco, the other case cited by the Court of Civil Appeals, the issue was whether the claimant left his employment voluntarily without good cause when he was discharged for excessive absences after a warning (one of the disqualifying circumstances set forth in § 25^-78). The Jaco court affirmed the trial court’s judgment that the claimant was partially disqualified from receiving unemployment-compensation benefits by reason of misconduct that was not deliberate, but declined to conclude that excessive absences were tantamount to leaving the job voluntarily. With respect to the burden of proof, the court stated merely that “[t]he claimant has the burden of proving he is eligible under Sec. 213 and not disqualified under Sec. 214 [Code of Alabama (1940) ].” Jaco, 337 So.2d at 376-77.
The decision in Jaco cited only a single case regarding the burden of proof: Department of Industrial Relations v. Thomas, 55 Ala.App. 712, 318 So.2d 739 (1975). Thomas concerned only the issue of eligibility; the references in that opinion to the burden of proof as to disqualification must be considered dicta. In Thomas, the circuit court found that the claimant was eligible for unemployment-compensation benefits and that she was not disqualified. *778 On appeal, the Court of Civil Appeals stated that the claimant has the burden of proving both eligibility for benefits and lack of disqualification, but it reversed the circuit court’s judgment based only on lack of eligibility. Significantly, the only authority cited by the Court of Civil Appeals in Thomas was Southern Bell Telephone & Telegraph Co. v. Department of Industrial Relations, 42 Ala.App. 351, 165 So.2d 128 (1964), an eligibility case that did not squarely address the burden of proof and that involved a statutory provision specifically addressing maternity leave.
In summary, the decisions in Smither-man, Hepp, Jaco, and the other Alabama eases cited by Penske do not provide an adequate legal analysis of why the burden of proof in unemployment-compensation cases should be allocated as those cases suggest. Such discussion as is provided by those cases suffers in some instances from being dicta. Further, those cases do not address, or even acknowledge, any distinctions as to the burden of proving eligibility, disqualifying circumstances, and justifications or excuses for what would otherwise be disqualifying circumstances.

III. A Contrary Line of Alabama Cases

In addition to the above-described shortcomings, the cases discussed in Part II fail to discuss — and are inconsistent with — a different line of Alabama cases. This other line of cases places on the employer the burden of proof as to whether an employee is disqualified from receiving unemployment-compensation benefits under § 25-4-78(1) because the claimant’s unemployment “is directly due to a labor dispute.” This was true for example in United States Steel Corp. v. Wood, 40 Ala.App. 431, 433, 114 So.2d 533, 535 (1958), rev’d on other grounds, 269 Ala. 5, 114 So.2d 551 (1959),[8] in which the Court of Appeals premised its discussion as follows:
“[W]e take it that Wood met the burden of showing himself eligible for each week for which he has filed a claim (see Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 [ (1948) ]), and that the burden of persuasion has shifted to his employer or the Director of Industrial Relations (as trustee of the Unemployment Compensation Fund) to show he is disqualified, if he is to be denied benefits because of a disqualification.”
(Emphasis added.) See also United States Steel Corp. v. Glasgow, 40 Ala.App. 424, 427, 114 So.2d 565, 567 (1958), rev’d on other grounds, 269 Ala. 8, 114 So.2d 567 (1959) (“[T]he claimant is required to show himself eligible. Under § 214, subd. A, [Code of Alabama (1940),] the burden falls on either the Director of Industrial Relations, as trustee, or the employer with an adverse interest to show that an eligible claimant is disqualified.”).
In Ex parte Flowers, 435 So.2d 76, 78 (Ala.1983), this Court held, consistent with the holding in Wood, as follows in a case addressing disqualification under § 25-4-78(1):
“Also relevant, is the rule in Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970), that the ‘provisions of disqualification from benefits [in the Unemployment Act] should be narrowly construed.’ A further guideline for our consideration of these claims is the procedural rule which provides that the employer has the burden of proving any disqualification under [§ 25-4-78(1) ] of *779 the Unemployment Compensation Act. See United States Steel Corp. v. Glasgow, 40 Ala.App. 424, 114 So.2d 565 (1958), rev’d on other grounds, sub nom. United States Steel Corp. v. Curry, 269 Ala. 8, 114 So.2d 582 (1959).”
435 So.2d at 78 (emphasis added). See also Hilley v. General Motors Corp., 800 So.2d 167, 169 (Ala.Civ.App.2000) (“The employer has the burden of proving any disqualification under section § 25-4-78(1).” (citing Flowers)).
The parties do not identify, and we have not located, any cases attempting to reconcile the Smitherman/Tomlinson line of cases and the Wood/Flowers line of cases, or to make a principled distinction among disqualifications under the various subsections of § 25-4-78.

TV. Alabama’s Position on the Burden of Proof Is Contrary to That of Other States That Have Considered the Issue

Alabama’s position on the burden of proof for disqualification is contrary to the approach adopted by most or all the other states that have addressed the specific issue.[9] See, e.g., City & County of Denver v. Industrial Comm’n of the State of Colorado, 756 P.2d 873 (Colo.1988) (applying the following burden-shifting scheme to unemployment-compensation cases: the burden is initially on the claimant to establish a prima facie case of eligibility; the burden then shifts to the employer to prove that the claimant was discharged for misconduct; the claimant may present evidence to justify the acts that led to the discharge).[10]
Many of these cases recognize that placing the burden of proving a disqualification on the employer has the advantage of imposing the burden of proof on the party that generally has better access to the relevant evidence. The employer obviously is the party with the best knowledge of the reasons for the claimant’s discharge from employment, and it has equal or bet *780 ter knowledge of any policies and rules allegedly violated, as well as information relevant to whether the asserted basis for the discharge was equitably applied. As the Idaho Supreme Court explained in Parker v. St. Maries Plywood, 101 Idaho 415, 419, 614 P.2d 955, 959 (1980):
“The employer is in a unique position to know the reasons for his employee’s discharge and access to the facts relating to that discharge will be more readily obtained by the employer than the employee. Further, as a practical matter, the task of proving the existence of employee misconduct will be much easier for the employer than would be the employee’s task of disproving a charge of employee misconduct. The employee may not always know what the employer’s reasons were for discharging him.”
See also Bean v. Montana Bd. of Labor Appeals, 290 Mont. 496, 503, 965 P.2d 256, 260-61 (1998) (quoting Parker to the same effect); Clark County Sch. Dist. v. Bundley, 122 Nev. 1440, 1447-48, 148 P.3d 750, 755-56 (2006) (“[The] employer is in the ‘ “unique position to know the reasons for [the] employee’s discharge.” ’ Further ‘“access to the facts relating to that discharge will be more readily obtained by the employer than the employee.”’ The practical result is that the employer can usually more easily prove employee misconduct than the employee can disprove the employer’s assertion that she engaged in such misconduct.” (footnotes omitted)).[11]

V. The Beneficent Policy Underlying the Unemploymentr-Compensation Act and Other Considerations

Imposing on the employer the burden of proof as to a claimant’s disqualification for unemployment-compensation purposes is consistent with the general principle that the proponent of an affirmative defense or similar position has the burden of proof as to that position as well as with the disinclination of the law to place upon a party the burden to prove a negative. This Court stated in Ex parte Ramsay, 829 So.2d 146, 152 (Ala.2002):
“The proponent of an affirmative defense ‘bears the burden of proving the essential elements of his affirmative defenses.’ Ex parte Blue Cross & Blue Shield of Alabama, 773 So.2d 475, 478 (Ala.2000); and see Ely v. Pace, 139 Ala. 293, 298, 35 So. 877, 878 (1904) (‘Ei incumbit probatio qui dicit.’).”
The Sixth Edition of Black’s Law Dictionary explained the parenthetical maxim as follows:
“Ei incumbit probatio, qui dicit, non qui negat; cum per rerum naturam factum negantis probatio nulla sit.... The proof lies upon him who affirms, not upon him who denies; since, by the nature of things, he who denies a fact cannot produce any proof.”
Black’s Law Dictionary 516 (6th ed.1990).
Finally, to the extent that, after considering all the foregoing, any uncertainty remains as to who should bear the burden of proving the existence of a disqualifying *781 condition, we note that the “Unemployment Compensation Act is in the nature of insurance for the unemployed worker and is intended to be a remedial measure for his benefit [and] should be liberally construed in favor of the claimant and the disqualifications from benefits should be construed narrowly.” Jaco, 337 So.2d at 376. See also Ex parte Sargent, 634 So.2d 1008, 1009 (Ala.1993) (“Disqualification provisions in the Unemployment Compensation Act should be narrowly construed.”); Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970); and Boynton Cab Co. v. Neubeck, 237 Wis. 249, 258, 296 N.W. 636, 640 (1941) (mere mistakes, errors of judgment, etc., do not constitute “misconduct”; otherwise, the benefit of the unemployment-compensation statute would be defeated as to many of “the less capable industrial workers, who are in the lower income brackets and for whose benefit the act was largely designed.... ”).[12]

Conclusion

Based on the foregoing, we conclude that the circuit court and the Court of Civil Appeals erred in imposing on the claimant the burden of disproving his disqualification from unemployment compensation on the basis of misconduct. We hold that the employer has the burden of proving that the employee is disqualified for reasons of misconduct, and we overrule prior cases, including Hepp, Smitherman, and Jaco, to the extent that they are inconsistent with this opinion.
We reverse the judgment of the Court of Civil Appeals and remand the cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.

. Between January 2006 and January 2007, Bibb pleaded guilty and agreed to testify against Rogers.

. In February 2006, Rogers filed a malicious-prosecution action against Penske and one of its supervisory employees. A summary judgment was entered for the defendants; that judgment was affirmed on appeal. Rogers v. Penske Truck Leasing Co., L.P., 37 So.3d 780 (Ala.Civ.App.2009).

.Section 25-4-95, Ala.Code 1975, provides that on appeal to the circuit court the case is tried de novo.

. Other disqualifying circumstances set forth in the statute include: revocation or suspension of a required license; failure to accept available suitable work; receipt of backpay award; receipt of, or application for, workers’ compensation benefits; employment by public-works agency, etc.; self-employment; receipt of, or application for, training allowance under various governmental retraining programs; and participation in professional sports.

. With respect to the administrative-review process, regulations issued by DIR pursuant to Ala.Code 1975, § 25-4-111, impose on the claimant the burden of proving availability for work, Ala. Admin. Code (Department of Industrial Relations), r. 480-4-3-, 15, and on the employer the burden of proving, for purposes of disqualification for testing positive for illegal drugs, that a drug policy is "otherwise reliable.” Ala. Admin. Code (Department of Industrial Relations), r. 480-4-3-.28. Neither of those regulations is directly relevant to the present case. The administrative regulations do not address the burden of proof as to disqualification for misconduct generally.

. We pretermit any further discussion of Hepp because Hepp merely quoted Smitherman with respect to the allocation of the burden of proof and reached the same result. Hepp, 882 So.2d at 333.

. Eligibility is not an issue in the present case, only disqualification.

. In Wood, the Court of Appeals held that the claimants were not disqualified under § 25-4-78(1) because their local union was not directly involved in the strike. This Court reversed the decision of the Court of Appeals based on its interpretation of the statute as to the scope of labor disputes within the meaning of the statute. This Court’s opinion did not address the burden of proof.

. See, e.g., 81A C.J.S. Social Security and Public Welfare § 482 (2004) ("Under a statute which disqualifies a claimant for benefits if he or she has been discharged for job-related misconduct, the employer has to prove misconduct by a preponderance of the evidence.”); Defense Against a Prima Facie Case § 5:11 (Rev. ed.) ("Misconduct, as a disqualification, is to be narrowly construed, and the employer has the burden of proof.”); Bean v. Montana Bd. of Labor Appeals, 290 Mont. 496, 503, 965 P.2d 256, 260-61 (1998); Jamal v. Thurmond, 263 Ga.App. 320, 321, 587 S.E.2d 809, 811 (2003) ("Disqualification is an exception to the statutory scheme for unemployment benefits and the employer must show by a preponderance of the evidence that disqualification is appropriate.”); Clark County School Dist. v. Bundley, 122 Nev. 1440, 1447-48, 148 P.3d 750, 755-56 (2006); and Brown Hotel Co. v. Edwards 365 S.W.2d 299, 301 (Ky.1962).
Rogers cites cases from 44 other states that appear to place on the employer the burden of proving misconduct justifying disqualification. Penske does not contend that any of the cases cited by Rogers do not support Rogers's contention. It does not address the law of other states except to note that, although decisions from other states may be persuasive authority, they are not binding. Penske also asks this Court to disregard the law of other states "since Alabama law has already settled the issue raised by Rogers....” Penske’s brief, at 22.

. See also Peery v. Rutledge, 177 W.Va. 548, 552, 355 S.E.2d 41, 45 (1987) (“If the former employer establishes that the unemployment compensation claimant has violated an ordinarily reasonable job assignment directive or work rule, the burden of going forward with the evidence shifts to the claimant to show that he or she was justified, or at least exercised good faith, in not complying with the directive or rule.”); In re Therrien, 132 Vt. 535, 537, 325 A.2d 357, 358 (1974) ("The claimant has the burden of showing his initial eligibility for benefits. That eligibility is not in issue here, and once established, the employer has the burden of showing the claimed disqualification for misconduct.” (citation omitted)).

. In the present case, there does not appear to be any dispute that theft, if proven, would constitute misconduct that would disqualify Rogers from receiving unemployment-compensation benefits. See Scott v. Scott Paper Co., 280 Ala. 486, 195 So.2d 540 (1967) (circuit court did not err in determining that employee was disqualified for theft of company property; dishonest act need not be criminal to warrant disqualification). In many other cases, however, the employer’s reasons for discharging the employee may be mixed, or the employer may not have clearly identified the conduct that led to the termination. In such a case, the employee could be at a serious disadvantage in attempting to prove that he or she did not violate any of the (possibly numerous) rules that might be at issue or to prove that he or she did not commit some vaguely defined bad act.

. Alabama's unemployment-compensation act was modeled on the Wisconsin statute, and the Wisconsin court’s interpretation is persuasive authority. Ex parte Williams, 646 So.2d 22, 26-27 (Ala.1994).